————o————

WARREN D. CRANDALL, Respondent, *vs.* J. S. COOPER and A. C. CLARK, Appellants.

1. *Mechanics' liens—Prior incumbrance, sale under—Subsequent sale under the lien—Buildings—Statute, construction of.*—Land was sold under an incumbrance, and subsequently sold under a mechanic's lien for work begun subsequent to the origin of the incumbrance. *Held*, that the first sale released the land from the mechanic's lien, but that the purchaser at the execution sale under the mechanic's lien might have bought the erections and improvements free from all liens. (Wagn. Stat., 907, *et seq.*)

*Appeal from Linn County Common Pleas.*

*S. P. Huston,* for Appellants.

I. The appellant was not a party to the suit to enforce the mechanic's lien, and therefore was not bound by it. (Wagn. Stat., 910, § 9.)

II. The trust deed under which appellant claimed, was the prior lien. (Wagn. Stat., 908, § 2; Houck Liens, 1–144, ch. 6.)

III. The lien of the mechanic as against the appellant only attached to the erection, the fence, and he could remove it from the premises. (Wagn. Stat., 908, § 3.)

*George W. Easley,* for Respondent.

If the plaintiff was not entitled to recover the possession of the property, he was entitled (Wagn. Stat., 560, § 14), to payment for the rents and profits.

WAGNER, Judge, delivered the opinion of the court. ·

This was an action of ejectment to recover possession of a lot of ground in the town of Brookfield. The answer ad-

mitted the possession, but denies all the material allegations of the petition.

The plaintiff claimed under a sheriff's deed, dated the 6th day of August, 1873, and which recited a judgment for $28.09 recovered by one M. L. Delano on the 11th day of August, 1871, against J. S. Cooper and Fletcher and wife, the latter being Cooper's vendees. The judgment and execution were special, reciting a mechanic's lien, and ordering its enforcement against the lot in dispute.

Plaintiff then read in evidence the original papers in the case of Delano against Cooper and Fletcher and wife, which showed that the work, for which the lien was claimed and enforced, was commenced on the 10th day of July, 1870, and was done in putting up a fence along the street front of the lot. The rents and profits were then shown, and plaintiff rested.

Defendants on their part, read in evidence a deed of trust executed by J. S. Cooper and wife, on the 20th day of April, 1870, which was recorded on the next succeeding day, conveying the premises sued for to plaintiff, W. D. Crandall, as trustee, to secure the payment of a note to defendant, Clark, for the sum of eleven hundred and eighty-eight dollars. They also read in evidence a deed under the deed of trust made by Crandall, the plaintiff, as trustee, reciting the non-payment of the note, the sale and purchase of the property by the defendant, Clark, and the conveyance of the same to him. This was all the evidence, and the court found for the plaintiff.

It will be seen by the above recited facts, that Clark's lien was prior to the commencement of the work and to the filing of the mechanic's lien and the proceedings thereon. Clark was not a party to the suit, but his own trustee, the plaintiff, purchased at the sale, and now seeks to recover the premises for himself, the record showing that he bid two dollars and fifty cents as the consideration.

By the second section of the mechanic's lien law (Wagn. Stat., 908) it is provided, that the entire land, which is pre-

viously referred to, upon which a building, erection or other improvement is situated, including as well that part of the land which is not covered with the building, erection or improvement, as that part thereof which is covered with the same, shall be subject to all liens created by the statute, to the extent, and only to the extent, of all the right, title and interest owned therein by the owner or proprietor of the building, erection or improvement, for whose immediate use or benefit the labor was done or things were furnished. The third section enacts, that the lien for the things aforesaid, or work, shall attach to the buildings, erections or improvements, for which they were furnished or the work was done, in preference to any prior lien, or incumbrance or mortgage, upon the land upon which the buildings, erections, improvements, or machinery have been erected or put ; and any person enforcing such lien may have such building, erection or improvement sold under execution, and the purchaser thereof may remove the same within a reasonable time thereafter.

The 14th section provides, that, in all suits under this law, the parties to the contract shall, and all other persons, interested in the matter in controversy and in the property charged with the lien, may, be made parties; but such as are not made parties shall not be bound by the proceedings.

As Clark was not made a party to the proceedings for the enforcement of the mechanic's lien, he was a stranger to them, and they have no force or effect upon him. The second section of the law only gives the lien to the extent of the interest owned by the proprietor, and as the interest of Cooper, the proprietor, at the time the lien attached, was subject to Clark's prior lien, the mechanic acquired no greater interest in the realty than his immediate contractor, Cooper, possessed, viz : the equity of redemption, or a right to the premises after the trust lien was paid off. But Clark having bought under this prior lien, his rights are paramount to any interest obtained under a sale upon the mechanic's lien which was subsequent in date. By the third section the purchaser might have bought the erections and improvements

freed from all liens, and would have been entitled to recover them, and this is all that he could have acquired.

Wherefore, the judgment must be reversed, and the cause remanded. All the other judges concur, except Judge Vories, who is absent.