LYDIA BRADLEY

v.

JOHN M. SIMPSON et al.

1. MECHANIC'S LIEN—*apportionment between lien and prior mortgage.* As be-
tween a prior mortgage and a mechanic's lien, under the statute, the former
is entitled to satisfaction out of the land, and the latter out of the building.
On a sale of the whole under a proceeding to enforce a mechanic's lien, the
proceeds of the sale represent and stand in the place of the land and the build-
ing, and the parties have the same proportionate share in the proceeds that
they had in the property before it was sold.

2. Where land is sold under a decree for a mechanic's lien, upon which
there is a prior incumbrance by mortgage, and the proceeds of the sale are not
sufficient to pay both the claims as found by the decree, they will be appor-
tioned, and the mortgagee will take such a share of the net proceeds of the
sale as the value of the property before the improvements were put upon it
bears to the total value of the property after the improvements were made,
and no more.

APPEAL from the Appellate Court of the Second District;
the Hon. NATHANIEL J. PILLSBURY, presiding Justice, and
Hon. GEO. W. PLEASANTS and Hon. LYMAN LACEY, Justices.

Messrs. JOHNSON & FOSTER, for the appellant.

Messrs. ROBINSON & WORTHINGTON, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The only question here is in regard to the distribution of
the proceeds of a sale had under a decree in a mechanic's lien
proceeding, as between the appellant, Lydia Bradley, and the
lien holders named in the decree.

It was stipulated in the case that the premises were worth
the sum of $3200 at the time the several mechanics commenced
the erection of the building thereon, and that the mechanics
enhanced the value of the premises by reason of their labor
and materials furnished in the erection of the building to the
amount of $6292.

The net proceeds of the sale were $3338.91.

The appellant was a prior mortgagee of the premises before there was any contract made with the mechanics in respect to the building.

The amount found due upon appellant's mortgages at the time of the decree was $5657.

The circuit court found and adjudged that appellant was entitled to such proportion of the net proceeds of the sale that the value of the property before the improvements were put upon it bore to the total value of the property after the improvements were made, that is, that she was entitled to $\frac{3200}{9492}$ of $3338.91, being the sum of $1125.63.

The provision of the statute bearing upon the question is section 17 of the act in relation to Liens, Rev. Stat. 1874, p. 667, as follows: "No incumbrance upon land, created before or after the making of a contract under the provisions of this act, shall operate upon the building erected, or materials furnished, until the lien in favor of the person doing the work or furnishing the materials shall have been satisfied; and upon questions arising between previous incumbrances and creditors, the previous incumbrance shall be preferred to the extent of the value of the land at the time of making the contract, and the court shall ascertain, by jury or otherwise, as the case may require, what proportion of the proceeds of any sale shall be paid to the several parties in interest."

The claim of appellant is, that to the extent of $3200, that being the stipulated value of the premises prior to the accruing of the mechanic's liens, her two prior mortgages should have been preferred as against the mechanic's liens, and that she is entitled to receive out of the proceeds of the sale said sum of $3200.

This would be making the incumbrance operate upon the building, and allow to it, substantially, the entire benefit of the building, as the whole net proceeds of both the lots and building together are only $3338.91. This would be in direct contravention of the provision of the statute, that "no incum-

brance  *  *  *  shall operate upon the building erected or materials furnished until the lien in favor of the person doing the work or furnishing the materials shall have been satisfied."

As between the mortgages and the mechanic's liens, under the statute the mortgages were entitled to satisfaction out of the land, and the other liens out of the building. As the building could not properly be separated from the lots, in order to realize the benefit of the liens the whole property, land and building together, had to be sold, that it might be converted into money and the proceeds divided. The proceeds of the sale represent and stand in the place of the land and the building, and the parties have the same proportionate interest in the proceeds that they had in the property before it was sold. The result of the sale shows either a great depreciation of the property from its former value, or a great sacrifice of it, in the making of the sale.

There being nothing in the case to indicate anything to the contrary, it is to be assumed that the depreciation or sacrifice was in the same proportion upon the land and the building.

Appellant's counsel dwell upon the last clause of the section quoted, that the previous incumbrance shall be preferred to the extent of the value of the land at the time of making the contract, as fixing the right of appellant to the amount of that value in any event. But this clause is to be read together with the one preceding, that the incumbrance shall not operate upon the building until the lien in favor of the person doing the work or furnishing the materials shall have been satisfied; so that taking the whole section together, the one having such lien is equally preferred to the extent of the value of the building, that the mortgagee is to the extent of the value of the land; thus, as between themselves, giving the mortgagee a paramount lien upon the land, and the mechanic or material-man a paramount lien upon the building.

The order of distribution which the circuit court made is conformable to the views here expressed, and is in accordance

with the obvious reading of the statute, and former decisions of this court under it.

Thus, in *North Presbyterian Church* v. *Jevne*, 32 Ill. 220, this court said, in reference to such a case : " The court should have ordered the payment of the mortgage out of the proportion of the fund arising from the lots, and the mechanics out of that arising from the building. If the lots were three-tenths of the value of the entire property, then that proportion of the money should be applied to the payment of the mortgage, and the other seven-tenths to the payment of the lien of the mechanics." And see to like effect, *Gaty* v. *Casey,* 15 Ill. 189 ; *Smith* v. *Moore,* 26 id. 392 ; *Raymond* v. *Ewing,* id. 329 ; *Croskey* v. *Northwestern Manufacturing Company,* 48 id. 481 ; *Howett* v. *Selby,* 54 id. 151. The decisions were all under this same statutory provision.

The decree of the Appellate Court is affirmed.

*Decree affirmed.*