REAL ESTATE INVESTMENT COMPANY, Respondent, v. S. A. HASELTINE *et al.*, Appellants.

St. Louis Court of Appeals, March 21, 1893.

1. **Mechanics' Liens:** PARTIES: PRIORITY OVER EARLIER MORTGAGE. When the holder of a mechanics' lien for materials furnished in the construction of a building fails to make a mortgagee under a pre-existing mortgage on the land a party defendant to his action for the enforcement of his lien, the statutory priority of the mechanics' lien over the mortgage, so far as the building is concerned, will not be lost thereby, but the effect of such failure will be to render the judgment in that action only *prima facie* instead of conclusive evidence of the validity of the mechanics' lien as against those claiming under the mortgage.

*Per Bond, J.:*

2. ———: CONSTRUCTIVE SERVICE ON OWNER BY PUBLICATION IN ACTIONS
IN JUSTICES' COURTS. Personal service on the defendant owner in an
action for the enforcement of a mechanics' lien in a justice's court is
not essential to the jurisdiction of the justice, but such service may
be by publication for the purposes of a special judgment against the
property.

*Appeal from the Greene Circuit Court.*—HON. W. D.
HUBBARD, Judge.

REVERSED AND REMANDED, AND CERTIFIED TO SUPREME
COURT.

*Haseltine Bros.* and *James Baker*, for appellants.

*White & McCammon*, for respondent.

ROMBAUER, P. J.—It is often very difficult to make
practical application in the trial of causes of proposi-
tions of law which are seemingly simple. That this is
eminently the case in ultimately determining priorities
between incumbrancers by deed, and incumbrancers by
mechanics' liens, the cases collected and discussed in
Phillips on Mechanics' Liens, sections 226, 242, amply
demonstrate. Unfortunately, cases of this character
depend almost exclusively on statutory provisions, and,
as the statutes on this subject of no two states are
exactly alike, decisions in other states furnish little
light for our guidance.

In determining priorities where they depend upon
written instruments executed by the parties, or priority
of registry, a production of the instruments and evi-
dence of their registry usually suffices to make a *prima
facie* case one way or the other. But with mechanics'
liens the case is very different, because such a lien is
not a creature of contract, but the creature of the
statute. The mechanic or material man does not

establish a lien against certain premises by filing a lien account in the clerk's office, but by furnishing labor or material for the betterment of certain premises, by thereafter filing a lien account within a certain time after the indebtedness has accrued in the circuit clerk's office, and by instituting a suit of foreclosure thereon within a certain number of days after so filing it. If he fails in *either* of these requirements, he either acquires no lien, or, having acquired it, loses it again by his laches. This distinction between mechanics' liens and liens by deed must be clearly kept in view, when we discuss the effect of judgments obtained in mechanics' lien suits as evidence in proceedings between the mechanic or those claiming under him on the one hand, and mortgagees of the premises or those claiming under them on the other hand, *when such mortgagees were not parties to the record foreclosing the mechanics' lien.*

The present proceeding is of that character. The plaintiff claims a house, on the ground that it was part of a freehold which it acquired by the foreclosure of a mortgage. The defendant resists the claim on the ground that the house, having been erected by a mechanic, who filed and foreclosed a lien thereon, such lien attached to the house in preference to the mortgage under which the plaintiff claims, and he, the defendant, being the purchaser at the foreclosure sale of the lien, acquired a title thereto superior to that of the plaintiff. In order to substantiate this defense, the defendant at the trial offered in evidence the lien record, to which the plaintiff objected on the ground that neither it nor those under whom it claims were parties to such record, and hence, as far as it is concerned, it was *res inter alios acta.* The record was excluded, and whether it was properly excluded is the only question for our consideration.

Our statute on the subject of mechanic's liens
provides: "In all suits under this article, the parties
to the contract shall, and all other persons    *  *  *  *
may, be made parties, but such as are not made
parties shall not be bound by any such proceedings."
Revised Statutes, 1889, sec. 6713. If this statute means
literally what it says, there would seem to be no doubt
that the record was properly ruled out, because, there
was no pretense that the plaintiff, or those under whom
it claims, were parties to the lien proceedings. If the
record was not binding upon it, it was no evidence
against it, and, hence, not admissible. But there is
unquestionably room for the view that the word
bound, as used in the statute, in a case of this
character at least, is used in its narrower sense, namely,
as meaning *concluded*, and that view becomes more
plausible by reference to the adjudications on this
subject in this state, which are far from reconcilable.

I will state at the outset that the section from the
mechanics' lien law, above quoted, has been the law of
this state while the decisions hereinafter referred to
were rendered. In *Hauser v. Hoffman*, 32 Mo. 334, the
action was ejectment for a lot. The plaintiff claimed
as purchaser under a deed of trust sale, the defendant
as purchaser under a sale of foreclosure of a mechanic's
lien on the lot. When the defendant made proof of
his title, the plaintiff objected on the ground that the
record disclosed that suit of foreclosure had not been
brought within ninety days. The trial court overruled
the objection, but its ruling was reversed, and it was
held that, since the mortgagee was no party to the suit
foreclosing the lien, he was not *concluded* thereby, but
might show irregularity in those proceedings. In
*Schaeffer v. Lohman*, 34 Mo. 68, where it does not clearly
appear whether the owner at the time when the
materials were furnished was the party with whom the

contract was made, and where the contest in an action of ejectment was between the purchaser under the lien judgment, and a purchaser from the owner, it was held that the lien judgment was *prima facie* evidence against the latter, although not made a party.    Judge BATES, *arguendo*, said:    "It is true, those not made parties are not bound by the judgment; that is, *they may impeach its regularity*"—thus showing that he construed the word *"bound"* in the statute to have been used as equivalent in meaning to *"concluded."* The subsequent cases of *Mississippi Planing Mill Co. v. Church*, 54 Mo. 525, and *Heim v. Vogel*, 69 Mo. 535, discuss this question *arguendo*, but the point was not directly involved.

On the other hand, in *Crandall v. Cooper*, 62 Mo. 478, 480, which was an action of ejectment for a lot (the plaintiff being a purchaser at the mechanic's lien sale, and the defendant purchaser at foreclosure sale of a deed of trust), Judge WAGNER held that, as Clark, the mortgagee, was not made a party to the proceedings for the enforcement of the mechanic's lien, he was a stranger to *them, and they have no force or effect upon him*, thus giving the word *"bound"* in the statute its strict meaning.    In the later case of *Coe v. Ritter*, 86 Mo. 277, 285, Judge SHERWOOD approved of that holding, and held that, as the statute gives a lien claim only to the extent of the interest of the party with whom the lienor made the contract direct or derivative, a lien proceeding which does not make a mortgagee a party, affects only the owner's equity of redemption, and, if that is foreclosed, the lien of the mechanic becomes extinct.    This case substantially returns to the doctrine announced by Judge RICHARDSON in the early case of *Clark v. Brown*, 25 Mo. 559, 564, that "the plainest dictates of justice require that the real owner, whose property it is proposed to condemn to pay another's

debt, should at least have the opportunity of being present to show that no lien lawfully exists against his property." I may state in this connection that the case of *Bridwell v. Clark*, 39 Mo. 170, was decided under the local St. Louis act, which gave no lien on buildings independent of the land, except as to leaseholds, and, therefore, has no bearing on this question.

The cases of *Crandall v. Cooper* and *Coe v. Ritter*, *supra*, being the last decisions of the supreme court on this subject, and as such conclusive upon us, were followed in our decision of the *Missouri Fire Clay Works v. Ellison*, 30 Mo. App. 67. That was an action of trespass, but as both the purchaser under the mortgage and the one under the mechanics' lien relied upon their title to the land, no difference between that case and the two last decisions above recited was perceivable. We recognized then that there was an irreconcilable conflict between the earlier and later decisions of the supreme court on this subject, but followed what we considered the last controlling decision.

The question then arises whether there is any difference between cases where the controversy is one touching the land itself, and where it is one touching the house erected by the mechanic. The difference is one seemingly recognized in the concluding part of the opinion in *Crandall v. Cooper*, as well as in the earlier decision of *Deters v. Renick*, 37 Mo. 597. Where the controversy is one touching the house alone, there is room for the view that it is not a question of displacement of a mortgage lien, but a question as to a prior attaching lien, and while, even in that case, the statute would prevent us from holding that the mortgagee was concluded by a judgment to which he was no party, there is room for holding under all the decisions that

the judgment in the lien proceedings, *if otherwise regular*, does furnish *prima facie* evidence that that lien attached to the house prior to the mortgage lien, and is paramount thereto, and, hence, it is admissible for that purpose, the mortgagee or those claiming under him being at liberty to attack the lien proceedings on any grounds which tend to show that the lienor never acquired any valid lien on the house, and, therefore, such lien never attached to the house as to a part of the realty. An intimation to that effect is certainly contained in the fifth paragraph of the opinion in *Coe v. Ritter, supra.* The legislature has unquestionably the power to make *ex parte* records *prima facie* evidence of the facts therein contained. *Abbott v. Lindenbower*, 42 Mo. 162. The mortgagee's existing rights are not substantially affected, because he retains all the security he had at the inception of the mortgage, and the statute merely requires that, before he can make good his paramount lien to after-acquired property of his grantor, he should show that such property did not come into possession of his grantor charged already with a paramount lien. It best reconciles the various statutory provisions and seemingly conflicting decisions on that subject in this state, if we hold that a defendant sued by the mortgagee in trespass for removing a house from mortgaged premises makes out a *prima facie* defense by giving in evidence the record of a mechanics' lien suit against the mortgagor of the land, a judgment rendered therein, and his purchase of the house at the foreclosure sale of the mechanics' lien, if such records are regular upon their face in all respects. That the lienor has a right to show that the mortgage did not attach prior to his lien, I have no doubt, provided he exercises his right of removal under section 6707 within a reasonable time. If he fails to do so, he loses his lien by his own laches. Entertaining this view, I believe the court

Real Estate Investment Co. v. Haseltine.

erred in excluding the record in this case, and that its judgment should be reversed and the cause remanded. This holding is strictly in conformity with the holding of the earlier cases on that subject in this state, and is not directly opposed to the points decided in later decisions. As, however, it is of great importance that this question should be finally set at rest by some authoritative decision of the supreme court, and as much that is said, although not necessarily decided, in *Crandall v. Cooper* and *Coe v. Ritter, supra,* would lead to a different conclusion than the one herein reached, the cause will be certified to the supreme court for final adjudication. Judge BOND files a separate opinion, concurring in the main in the views herein expressed. Judge BIGGS, being interested in the suit, does not participate in the decision.

### SEPARATE OPINION.

BOND, J.—This was an action to recover damages for the removal of a building from a lot which plaintiff purchased upon the foreclosure of a deed of trust in its favor. The facts are that, on the eighth of June, 1889, plaintiff executed a deed to lot 6 on the Boulevard addition to the city of Springfield, Missouri, to one S. R. Garvin, who executed a deed of trust thereon to J. W. Lisenby on the same day to secure certain notes due plaintiff; that afterwards, to-wit, on June 13, 1889, said S. R. Garvin executed a deed to said lot to O. A. Juckett, who began the erection of a three-story frame house thereon; that one Luther Juckett established a mechanics' lien against the building in a suit against O. A. Juckett before a justice of the peace. Said lien was filed August 17, 1889, and a transcript of the justice's judgment was filed in the circuit court on September 13, 1889, upon which a special execution was issued against the house in question, under which the same was sold. On April 9, 1890, a sheriff's deed

was made to appellant, the purchaser at such sale. Appellant thereupon removed the building, which was still incomplete, from the lot above stated. The deed of trust was foreclosed, and the trustee's deed to the lot therein conveyed was made to respondent on May 6, 1890. Some time during the pendency of this trust deed, respondent had placed one Daniels on the lot of ground in question under an agreement to make a deed to him therefor, and prepared a deed to him, but did not deliver the same, but took a deed of trust from said Daniels, which was foreclosed and a trustee's deed thereunder also made to respondent dated September 16, 1890. Daniels was in possession of the house when it was removed by appellants, and consented to the removal. He was also shown to be insolvent.

On the trial the court excluded all the proceedings under which the mechanics' lien had been established, and also the sheriff's deed to appellants, and directed a judgment for the plaintiff. Appellants duly excepted to these rulings. The reason given by the respondent for the correctness of this action of the trial court is that the justice of the peace had no jurisdiction in the lien suit, and, respondent not being a party thereto, was not bound by the judgment therein.

No objection is made to the formal correctness of the lien proceedings nor the execution sale and purchase thereunder, except as above stated.

As to the claim of the want of jurisdiction in the justice to enforce a mechanics' lien under proceedings otherwise regular, because personal service on the defendant owner was not had; this question has been determined by this court in *Schultz v. Larkin, ante,* p. 223, wherein it was decided that the situs of the property subject to the lien, and not the residence of the parties, gives jurisdiction to justices in such cases; and that jurisdiction thus acquired might be exercised

to the extent of a special judgment against the property upon constructive service against the defendant, as provided in section 6163, Revised Statutes, 1889. The only other claim, which could under this record be urged by the respondents against the admissibility of the proceedings before the justice establishing the lien, and the execution sale and sheriff's deed to the house to appellants, is that such proceedings, sale and deed did not fix any lien on said house, nor vest any title thereto, because the deed of trust given on the lot whereon the house was subsequently built was foreclosed, and a deed made under such foreclosure to respondent.

To determine the validity of this objection, we must examine the statutory enactments defining the rights, and prescribing the procedure of parties entitled to establish mechanics' liens. The two sections of the law applicable to cases like this one of liens upon buildings, as distinct from the land on which they are erected, are sections 6707 and 6713, Revised Statutes, 1889.

"Sec. 6707. The lien for the things aforesaid, or work, shall attach to the buildings, erections or improvements for which they were furnished, or the work was done, in preference to any prior lien, or incumbrance, or mortgage upon the land upon which said buildings, erections, improvements or machinery have been erected or put; and any person enforcing such lien may have such building, erection or improvement sold under execution, and the purchaser may remove the same within a reasonable time thereafter."

"Sec. 6713. In all suits under this article the parties to the contract shall, and all other persons interested in the matter in controversy, or in the property charged with the lien, may, be made parties,

but such as are not made parties shall not be bound by any such proceedings.''

Except for the statute, section 6707, the natural effect of an improvement, or building inhering in the soil, subsequently placed thereon, would be to vest title therein to the owner or incumbrancer of the land. It was, however, competent for the legislature to change the law by which a building, or improvement, after being affixed to the ground, became the property of the land owner. *Railroad v. Frazier*, 139 U. S. 288. The legislature has done this by the terms of section 6707, to the extent of postponing the title of the owner of the soil to the lien therein given to mechanics for the construction of such building. The effect of this statute is to create on such building a lien *prior* to that which would have resulted under general legal principles in favor of an incumbrancer, who held a lien by contract on the land before putting up the building. Similar enactments have been made in other states. *Otley v. Haviland*, 36 Miss. 19; *Wimberly v. Mayberry*, 10 S. Rep. 157; *McLaughlin v. Green*, 48 Miss. 202; *Ivey v. White*, 50 Miss. 142; *Newark L. & C. Co. v. Morrison*, 13 N. J. Eq. 133; *Bradley v. Simpson*, 93 Ill. 93; *Brooks v. Railroad*, 101 U. S. 443. Now, it is impossible to conceive that the prior statutory lien thus given differs in force or legal effect from a valid lien created by contract. In other words, it must bear the same relation to the lien of the mortgagee of the land that a valid *prior* lien created by contract on the house in question would bear to the claims of such mortgagee. If, therefore, instead of a statutory lien under section 6707, the mechanic had a prior lien by contract as to the house over the holder of a mortgage on the land, would it be denied that such prior lien could be enforced without making the holder of the subsequent lien a party? On this point the law is well settled that ''all

subsequent mortgagees, as well as other incumbrancers, should be made parties to the action, or they may afterwards redeem; but they are *not necessary* parties." Jones on Mortgages, sec. 1425; *Olmstead v. Tarsney*, 69 Mo. 396, 399; *Plum v. Studebaker*, 89 Mo. 162. True, such foreclosure, both by statute and common law, is conclusive only on the parties; but that is the universal rule as to every legal proceeding, except proceedings *in rem*. None but parties or privies are *concluded* by suits or judgments. But all judgments between necessary parties touching a subject matter of jurisdiction in the court are *prima facie* valid and binding, and can only be set aside collaterally by the superior rights of some one not a party to them. 2 Black on Judgments, secs. 604, 605, 607; 1 Black on Judgments, sec. 260. If there is no difference in principle between a priority of lien established by law and one created by contract, and if it be demonstrable that the owner of a prior lien by contract may enforce the same without making a subsequent incumbrancer a party, upon what rational theory can the same right be denied to the beneficiary of a *specific* prior statutory lien? In the nature of things, there can be no reason for making the holder of a subordinate contract lien a party in the one case, rather than in the other.

In establishing his statutory lien the mechanic is only required to make the "parties to the contract," under which or by which the work was done, parties to the suit (section 6713). These are the only *necessary* parties in such proceedings. True, all other persons interested in the matter may be parties, and shall not be *bound* if not made parties. This, however, is a mere declaration of existing law, and not intended to nullify proceedings after all *necessary* parties are brought in. To give any other construction would set at naught the plain words of the *first* clause

of the same sentence describing and defining the necessary parties.    That mortgagors or owners of the equity of redemption are such "parties to the contract" is settled.    *McAdow v. Sturtevant*, 41 Mo. App. 220, 230; *Ambrose v. Capen*, 22 Mo. App. 397, 401; *Woods v. Hilderbrand*, 46 Mo. 284; *Hall v. Mfg. Co.*, 22 Mo. App. 33, 41; *Smith v. Phelps*, 63 Mo. 585, 587; *Allen v. Sales*, 56 Mo. 28, 36; *Kansas City Hotel Co. v. Sauer*, 65 Mo. 288; *Hall v. Planing Mill Co.*, 16 Mo. App. 454, 459.

The necessary result of the affirmative grant to mechanics of a prior statutory lien as to houses built on mortgaged lands, coupled with the right to establish such lien by making the particular persons parties, who are held in the decision to have been intended in the phrase "parties to the contract," is that such lien is effectual in law when so adjudged, and that the only question which can be made against it is whether or not the lien was established for the construction of a house or an improvement, placed on the land *after* a contract lien (mortgage, etc.) had been created on the same land.    Of course, if the house or improvement had been completed before the mortgage of the land, there would be no lien thereon for subsequent repairs. *Reed v. Lambertson, ante*, p. 76; but, where the structure was made or completed afterwards, the lien is by direct grant in the statute.    *Dugan v. Scott*, 37 Mo. App. 663, 671.    This is also the only legitimate deduction which can be drawn from the premises.    In the first place, the statute intervenes and cuts off a lien which would otherwise result to an incumbrancer from subsequent accretions to land, to the extent of subjecting such accretions to a labor and material lien for putting them on the land.    *Smith v. Phelps*, 63 Mo. 587; *Haeussler v. Thomas*, 4 Mo. App. 463, 467.    Having done this, the statute prescribes a procedure for the valid enforcement of such lien without making such

incumbrancer a party, and authorizes the removal of
the house brought under execution.    Revised Statutes,
1889, secs, 6707, 6713.    The necessary result is,
that a party who obeys the statute in enforcing a
statutory right acquires thereby a statutory priority,
conclusive against the parties or their privies to the
proceedings, and *prima facie* good against all others.
If this were not true, then the whole proceeding,
although upon a basis given by statute and in exact
conformity (as to enforcement) to its requirements,
would be nugatory and futile, and the statute giving a
prior right and defining the method of enforcement to
a mechanic would be meaningless and delusive, for a
mortgagee of the land would only have to foreclose,
and by thus cutting off the equity of redemption
deprive any lienor, who had constructed a house *after*
the giving of the mortgage under contract with the
mortgagor and who had established such lien as pre-
scribed by law, from the benefits of a plain statute
made in his favor.    In other words, the mortgagee by
foreclosing would abrogate a statute postponing his
lien, when everything prescribed by statute for the
postponing of his lien had been done.    That this inter-
pretation cannot be given the statute (section 6707,
Revised Statutes, 1889) is evident from an analysis of
its provisions.    The lien under this section is not given
to the mechanic as a right co-extensive merely with
property therein of the mortgagor, because the mort-
gagor has only an equity of redemption, and, had the
statute only intended to subject this alone to the rights
of the mechanic, section 6707 would have been
entirely unnecessary, as sections 6705 and 6706 secure
to the mechanic full right and power to enforce his lien
against both land and buildings to the "extent of all the
right, title and interest" of such mortgagor, *i. e.*, cover-
ing his equity of redemption.    Therefore, it is plain

that section 6707 was enacted for the independent purpose of giving mechanics a lien upon buildings constructed by them on mortgaged lands, irrespective of the mortgagor's equity of redemption, and this conclusion cannot be escaped, when the words of the statutory grant, and its further provisions as to sale and removal of the buildings, are taken in account.

The equity of this statute was well expressed by HAYDEN, J., in *Haeussler v. Thomas, supra*, p. 467, to-wit: "But where the mechanic builds a new building, here is property on which the prior mortgagee did not rely, and so, in favor of the mechanic, the statute does away with the rule that makes the building follow the land, and, *quoad hoc* separates the two." Besides it would be absurd to hold that the mortgagor had even an equity of redemption in the house *per se*, other than that accruing to him as the owner of the land. Now the only theory on which Judge THOMPSON holds *(Missouri Fire Clay Works v. Ellison,* 30 Mo. App. 67) that a mortgagee is a necessary party to a mechanics' lien suit against a house or building alone, is that otherwise such lien may be defeated by a subsequent foreclosure of the mortgage and sale of the mortgagor's *equity of redemption in the house.* He says: "So far as parties other than parties to the contract are concerned, it thus appears that, in describing the parties to such actions, the statute is permissive. The claimant can indeed get a lien without making such persons parties defendant. But a lien against what interest? *Plainly a lien only against the interest of the party who is made a defendant.* If there is a mortgage upon the property, and the mortgagee is not made a party, the plaintiff gets a lien *only against the equity of redemption,* and this is all that passes to the purchaser at a sale under a special execution issuing from the judgment establishing the lien. When the mortgage is subse-

quently foreclosed, *this equity of redemption*, and with it whatever rights may have been acquired in respect of it under the judgment establishing the mechanics' lien is gone." The vice in this reasoning is its incorrect premises. The lien against houses or improvements solely is not based on the mere residuum of interest in the mortgagor under his conveyance of the lands on which they are situated, but is based on the direct statutory grant, *excepting* them from the operation of the mortgage until the lien therein given against them substantially is satisfied. Revised Statutes, 1889, sec. 6707.

The consequence is that whereas the mortgagee, whose prior right to the *land* is unaffected by the statute, may foreclose as to *that* without making the lienor a party, and thereby defeat the lien as to the land; so likewise can the lienor, whose priority as to the house or improvement is granted by statute, foreclose this lien by the method prescribed by statute without making the mortgagee, whose interest in the subject matter is made subsequent by statute, a party. And the enforcement of the lien thus had will be *prima facie* valid, and the *onus* of attacking the judgment and sale and deed thereunder, will be on any person attacking the same, as in other cases of judgments rendered by courts having jurisdiction of the subject matter, and necessary parties of any litigation.

That this conclusion is sustained by the adjudged cases where the point has been involved, and not contravened by the actual decisions, where the point was not involved, may be seen by a brief review of the decisions of the supreme court. In the case of *Crandall v. Cooper*, 62 Mo. 478, the action was ejectment for a *lot*. Plaintiff claimed under a sheriff's deed to the *lot*, made in pursuance of a special execution on a judg-

ment establishing a mechanic's lien on the lot. Defendant claimed under deed made upon foreclosure of a deed of trust on the lot, which deed of trust was given *before* the mechanics' lien accrued. The defendant, who was also the beneficiary in the deed of trust, was *not* made a party to the lien proceedings. After citing the sections of the mechanics' lien law, first giving a lien on the land, and then on the buildings and improvements, and holding that "Clark (the beneficiary), not being a party to the suit establishing the lien on the *lot*, was not, therefore, affected by it, the court said in defining the rights of parties in cases of suits for liens on land or buildings: "The second section of the law only gives the lien to the extent of the interest owned by the proprietor, and as the interest of Cooper, the proprietor, at the time the lien attached, was subject to Clark's prior lien, the mechanic acquired no greater interest in the *realty* than his immediate contractor, Cooper, possessed, viz., the equity of redemption, or a right to the premises after the trust lien was paid off. But, Clark having bought under this prior lien, his rights are paramount to any interest obtained under a sale upon the mechanics' lien, which are subsequent in date. By the third section (section 6707, Revised Statutes, 1889), the purchaser might have bought the erections and improvements freed from all liens, and would have been entitled to recover them, and this is all that he could have acquired."

It is evident that in the last paragraph of the decision, *supra*, the court directly held that the title of a purchaser under sale to enforce a lien on buildings, distinct from land, would supersede the title of a purchaser under deed of trust on the land on which the improvements were erected, although such deed of trust was prior to erection of the building, and although the beneficiary therein was not made a party

to the lien proceedings against the house, and this is the direct point involved in the case at bar.

In the case of *Coe v. Ritter*, 86 Mo. 277, 285, the point in judgment was identical with *Crandall v. Cooper*, *supra*, that being also an action of ejectment for *land*, wherein the relative parties claimed through a sale under a mechanic's lien which accrued after a prior mortgage and a sale under the mortgage. Neither the trustee nor beneficiary being made parties to the mechanics' lien suit, it was necessarily held that they were not affected by the mechanic lien proceedings, and that their lien, being *prior* as to the *land*, would prevail over that of the mechanic which attached as to the *land* merely in the equity of redemption.

These are the two causes upon which the conclusions reached in *Missouri Fire Clay Works v. Ellison*, *supra*, are rested. In the first the proposition announced is directly opposed to the views expressed by Judge THOMPSON in *Missouri Fire Clay Works v. Ellison*, *supra*, and in the second there is no support for his views on the points decided, and no announcement of a proposition, outside of the facts then considered, in harmony with his conclusions. I am not, therefore, disposed to adhere to so much of the views expressed in *Missouri Fire Clay Works v. Ellison*, *supra*, as holds that a prior mortgagee is a *necessary party* in a mechanics' lien suit against the house and improvement only, put by him on the mortgaged land.

The result is that the trial court erred in excluding the sheriff's deed and other proceedings tending to establish appellant's right to the house, or improvement only, and under which the same was removed. The cause is reversed, and remanded to be tried in conformity with the views herein expressed, and will be certified to the supreme court. Judge BIGGS, being interested in the suit, does not sit. Judge ROMBAUER writes a separate opinion, concurring in this result.