McLAREN, Appellant, v. INTERNATIONAL REAL ESTATE & IMPROVEMENT COMPANY, Respondent.

**St. Louis Court of Appeals, May 28, 1907.**

1. **MECHANICS' LIEN: Mortgagee: Removing Building.** A mechanics' lien attaches to buildings or improvements for which materials are furnished in preference to prior liens or incumbrances and a purchaser under a judgment enforcing such a lien may remove the buildings whose erection gave the lien.

2. ——: ——: **Parties.** But where a judgment enforcing a mechanics' lien for the erection of improvements upon real estate was rendered without making the *cestui que trust* in a prior mortgage a party to the proceeding, the purchaser under the mechanics' lien could not recover in replevin the possession of the building against a purchaser under the prior deed of trust.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas*, Judge.

AFFIRMED.

*Robert L. McLaran pro se.*

(1) A purchaser of a house, under an execution issued on a mechanic's lien judgment, acquires a title to the house, superior to that of a purchaser under a foreclosure of a deed of trust placed on the land before the erecting of the building was commenced. Investment Co. v. Haseltine, 53 Mo. App. 308. And can maintain replevin therefor. Seidel v. Cornwell, 166 Mo. 51. (2) The doctrine of *res adjudicata* does not apply in this case. Stone Co. v. Wall, 108 Mo. App. 495; Williams v. Kline, 77 Mo. App. 36; Hope v. Blair, 105 Mo. 93. (3) The court erred in rendering judgment for defendants. Schulenburg v. Hayden, 146 Mo. 583.

*E. W. Banister* for respondents.

Section 4211, Revised Statutes 1899 (being identical with section 6713, Revised Statutes 1889), provides as follows: "In all suits under this article the parties to the contract shall, and all other persons interested in the matter in controversy or in the property charged with the lien, may be made parties, but such as are not made parties shall not be bound by any such proceedings." Under this section, the lienor is required to make the parties to the contract, parties to the suit; he may exercise his option as to all others interested in the property; but, if he fails to make any one interested in the property a party to his suit, the interest of such person is not affected by the suit or any subsequent proceedings therein. Clark v. Brown, 25 Mo. 559; Hauser v. Hoffman, 32 Mo. 334; Schaefer v. Lothman, 34 Mo. 68; Siebel v. Siemon, 52 Mo. 363; Planing Mill v. Church, 54 Mo. 520; Crandall v. Cooper, 62 Mo. 480; Hein v. Vogel, 69 Mo. 529; Coe v. Ritter, 86 Mo. 277; Hicks v. Schofield, 121 Mo. 381; Russell v. Grant, 122 Mo. 161; Lumber Co. v. Oliver, 65 Mo. App. 435; Western Brass Co. v. Boyce, 74 Mo. App. 354; Landau v. Cottrill, 159 Mo. 308.

STATEMENT.—The action is in replevin for the possession of a two-story brick dwelling house on Blaine avenue, in the city of St. Louis. In December, 1896, the lot, on which the house is situated, belonged to the Hamilton Building & Investment Company, a corporation. On December 21, 1896, the company executed a deed of trust to Charles F. Vogel, trustee, to secure to Edward H. Fisher a principal note for forty-five hundred dollars and six semiannual interest notes for one hundred and thirty-five dollars each. On February 22, 1897, Fisher assigned, for value, all of said notes to Caroline Weindel. Default was made in the payment of the interest notes and, on the request of Caroline

Weindel, trustee, Vogel (as the deed of trust provided he might do) foreclosed the deed of trust by a public sale on July 26, 1898. The defendant, International Real Estate & Improvement Company, a corporation, became the purchaser at the sale and received from Vogel his deed, as trustee, conveying the premises to it. The loan is called a "building loan" in the evidence and was made to enable the Hamilton Building & Investment Company to erect the house in controversy. The deed of trust and the trustee's deed were immediately put upon record after they were executed, and immediately after making the purchase and receiving the trustee's deed the International Real Estate & Improvement Company, to-wit, on July 27, 1898, executed its deed of trust, also recorded, conveying the premises to William Haase, trustee, to secure one principal note for forty-five hundred dollars and six semiannual interest notes for one hundred and thirty-five dollars, each payable to Edward H. Fisher, who indorsed all of said notes without recourse. After the loan of forty-five hundred dollars was effected by the Hamilton Building & Investment Co., it entered into a contract with Richard Morley & Bros. to furnish certain material and lumber for the erection of a building on the lot. The Morley Brothers began furnishing the lumber about December 28, 1896, and completed their contract about March 10, 1897. The lumber was not paid for, and on August 20, 1897, Morley Brothers filed a declaration for a lien on the premises and in due time thereafter commenced their suit in the circuit court of the city of St. Louis against the Hamilton Building & Investment Co., George N. Griffin, trustee, Joseph M. Shortal, Charles F. Vogel, trustee, Edward H. Fisher, George M. Griffin and Evans R. Darlington to establish and enforce their lien. Judgment by default was rendered in favor of Morley Brothers, on May 5, 1898, establishing their lien, and against the Hamilton Building & Investment Co.

for $1022.42, and the court found that Morley Brothers had perfected and established their mechanics' lien for said sum against the following described lot (describing the lot on which the house is situated) and it was "ordered, adjudged and decreed by the court that plaintiff recover of the defendant Hamilton Building & Investment Company the said sum of $1022.40 found to be due plaintiffs as aforesaid, together with their costs and charges herein expended, and that if sufficient property of said Hamilton Building & Investment Company cannot be found out of which to make such judgment and costs, that then the residue thereof be levied out of the above described property charged with said mechanics' lien, and that plaintiffs have execution therefor." In due time an execution was issued on the judgment. No goods or real estate of the Hamilton Building & Investment Company being found whereon to levy the execution, the sheriff levied upon, advertised and sold the premises described in the judgment and execution. Plaintiff became the purchaser at this sale and received the sheriff's deed conveying to him all the right, title and interest of defendant in the lot that he might convey under the execution and sale. The defendants objected to the introduction of the sheriff's deed, for the reason Caroline Weindel was not made a party defendant in the suit of Morley Brothers to establish and foreclose their mechanic's lien. The court overruled this objection. But at the close of all the evidence filed the following memorandum opinion, to-wit:

"The contest in this case is between the purchaser of improvements at an execution sale under a judgment establishing a mechanic's lien, on the one side, and the purchaser of the real estate at a sale under deed of trust prior in date to the first act upon which the mechanic's lien was founded, on the other side.

"Had the *cestui que trust* under the deed of trust

126 App—17

been made a party to the action to foreclose the mechanic's lien, the title in the plaintiff would have been complete. But the fact is that the *cestui que trust* was not made a party to that proceeding. The judgment in that proceeding and the acts thereunder are therefore *res inter alios acta* as to the International Company, the principal defendant, and should have been excluded when offered in evidence."

Judgment was rendered for the defendants, from which plaintiff appealed.

BLAND, P. J. (after stating the facts).—Under the provisions of section 4205, Revised Statutes 1899, a mechanic's lien attaches "to the buildings, erections or improvements for which they (the materials were furnished or the work was done, in preference to any prior lien or encumbrance or mortgage upon the land upon which said buildings, erection, improvements or machinery have been erected or put," etc. The section further provides that "any person enforcing such lien may have such building," etc., "sold under execution, and the purchaser may remove the same within a reasonable time thereafter."

In Seidel v. Cornwell, 166 Mo. 51, 65 S. W. 971, and Schulenburg v. Hayden, 146 Mo. 583, 48 S. W. 472, it was held that the purchaser of the building or improvement at a sheriff's sale under a judgment rendered under and in pursuance of the provisions of the above section, may maintain replevin for the improvement if the defendant refused to permit him to remove it. In Schulenburg v. Hayden, supra, the Supreme Court, through MARSHALL, J., after reviewing the cases wherein the Supreme Court had construed the mechanic's lien law of the State, at p. 594, said:

"The true construction to put on section 6707, Revised Statutes 1889 (now section 4205, R. S. 1899), is that if there is a mortgage on the land and a contractor,

under contract with the owner of the equity of redemption, builds a new house upon the land, he has a mechanic's lien against the house, and the house may be sold, and may be removed from the land by the purchaser, for this preserves to the mortgagee all the security he formerly had, and secures, as far as possible, the, payment to the contractor for the work and materials he employed in building the house.

This is all that section 6707 means or guarantees. This is made perfectly clear in the light of section 6706, which confines the mechanic's lien to the right, title and interest of the owner, and it is in harmony with the adjudications, and with the first principles of law and justice."

Section 4211, Revised Statutes 1899, provides: "In all suits under this article the parties to the contract shall, and all other persons interested in the matter in controversy or in the property charged with the lien may be made parties, but such as are not made parties shall not be bound by any such proceedings."

Real Estate Investment Company v. Haseltine, 53 Mo. App. 308, was a suit in trespass for moving a house off lot 6, Boulevard Addition to the city of Springfield, by the defendant, who offered to justify by showing he had purchased the house under a judgment foreclosing a mechanic's lien thereon. His offer was rejected by the circuit court. On appeal this ruling was held error by Judges ROMBAUER and BOND in separate opinions. The case was certified to the Supreme Court but for some reason not known to us never reached that court, or if it did was never determined by said court. The underlying facts of the case are that, on June 8, 1889, the then owner of the lot executed a deed of trust thereon which was foreclosed May 6, 1890, the plaintiff being the purchaser at the foreclosure sale. On June 13, 1889, the owner of the lot began the erection of a house on the lot. Luther Juckett established a

mechanic's lien on the building August 17, 1889. In his suit to foreclose his lien, neither the trustee or beneficiary in the deed of trust of June eighth were made parties defendant. Defendant was the purchaser of the house on execution issued on the lien judgment. In an examination of the validity of the objections to defendant's evidence (the lien judgment and his purchase of the house thereunder) Judges ROMBAUER and BOND went into an examination of our mechanic's lien law and the conflicting decisions thereunder, and reached the conclusion that the term "bound," in section 4211, supra, is used in a narrow sense, "namely, as meaning concluded," and held the evidence should have been admitted as a fact justifying defendant in the removal of the house, it being competent, however, for plaintiff to go behind the judgment to show irregularity in the proceedings. The early Missouri cases cited seem to give credence to this view; later ones oppose it, especially the case of Crandall v. Cooper, 62 Mo. 478, a suit in ejectment wherein it was said that as the mortgagee of the premises was not made a party to the proceedings to foreclose the mechanic's lien "he was a stranger to them, and they have no force or effect upon him." This holding was approved by Judge SHERWOOD in Coe v. Ritter, 86 Mo. 277, and was again approved by the same learned judge in the later case of Russell v. Grant, 122 Mo. 1. c. 173-4, 26 S. W. 958. This holding is supported by the cases of Hassal v. Wilcox, 130 U. S. 493, and Windsor v. McVeigh, 93 U. S. 274, cited with approval in Russell v. Grant, supra. While it is true that a judgment is admissible in evidence against the world to establish such judgment (Cravens v. Jameson, 59 Mo. 68; Jamison v. Bagot, 106 Mo. 240, 16 S. W. 697) yet it is axiomatic that a stranger to a judgment is not bound or concluded by it, nor are its recitals evidence against him; and this is so, independent of any statute on the subject. [Russell v. Grant, supra;

Adams v. Cowles, 95 Mo. 501, 8 S. W. 711; Hedrix v. Hedrix, 103 Mo. App. 40, 77 S. W. 495.] Black says: "It is a universal rule that all who are neither parties to a judgment nor privies to such parties are wholly free from the estoppel of the judgment. . . . 'No person can be divested of title to his property in a suit between other parties of which he has no legal notice, and a judgment rendered in such a suit is not binding upon him, and is not admissible against him in any future proceeding in which the title to the property is in controversy.' The same rule holds good in chancery as well as at law. Strangers to a decree are not bound by it." [2 Black on Judgments, sec. 600.] See also cases cited in foot note. The ruling in Real Estate Investment Co. v. Haseltine, supra, is opposed to this well settled rule and is in effect, overruled by the case of Russell v. Grant.

We think the ruling of the learned circuit judge is correct, and affirm the judgment. All concur.