———————O———————

JOHN K. CRAVENS, Respondent, *vs.* WM. C. JAMESON, *et al.*,
Appellants.

1. *Equity, decree in, cannot be given in evidence against one not a party, when.—*
In general, a judgment or decree may be given in evidence against all the
world when it is a link in a chain of title; but *held*, that a decree in equity
and the record of the proceedings were improperly used as evidence against
one who was no party thereto, in order to prove that his grantor obtained the
title without consideration and through fraud.

*Appeal from Jackson Circuit Court.*

*Cline, Jamison & Day,* with *J. E. Haven,* for Appellants.

I. The court erred in admitting the record of the suit between John K. Cravens as plaintiff, and J. C. F. and Cornelia A. Maloney and Wm. P. Allen as defendants in evidence, the appellants not being parties to that record, and because the same was otherwise incompetent as evidence. (Fallon vs. Murray, 16 Mo., 168; Wise vs. Wimer, 23 Mo., 237; State vs. Phillips, 24 Mo., 483; State vs. Ross, 29 Mo., 39; Norcross vs. Hudson, 32 Mo., 227.)

*Karnes & Ess,* for Respondent.

The only question in the case is as to the ruling of the court in admitting the record of the judgment and decree in the case of Cravens vs. Maloney, to which the defendants in this suit were not parties.

Where a judgment or decree constitutes a link in a chain of title, the record is admissible in evidence, like a deed or any muniment of title, even against strangers to the record; not to establish facts upon which the judgment or decree is based, but that there is such judgment or decree with the legal consequences which follow. (Stark. Ev., [9th Am., Ed.] 287, 316, 290, 320; Phil. Ev. [4th Am. Ed.], vol. 2—Cow., Hill. & Edw. notes—273, 274, 278; Greenl. Ev., vol. 2, § 539; Jones vs. Talbot, 9 Mo., 121; Walsh vs. Agnew, 12 Mo., 520; Barr vs. Gratz, 4 Wheat., 213; Wimer vs. Schlatter, 2 Rawle, 359; Jackson vs. Wood, 3 Wend., 27–34; Den vs. Hamilton, 7 Hals., 109; Turpin vs. Brannon, 3 McCord [Law], 261.)

NAPTON, Judge, delivered the opinion of the court.

This was a proceeding in the Circuit Court of Jackson County in 1872, to have a cloud removed from plaintiff's title to a small tract of land in the vicinity of Kansas City, which was described in the petition. The plaintiff in his petition asserted a title to the land, though what that title was, and when and how acquired, he did not state.

The petition then stated, that on the 17th of December, 1867, the defendants filed for record, and had entered on the record a deed from one J. C. F. Maloney and Cornelia A. Maloney, his wife, acknowledged before one Baird, a notary public, and purporting to convey to Jamison, as trustee, a tract of land to secure a note signed by Maloney and wife. What land was conveyed by this deed is not stated; but it may be inferred from subsequent proceedings, that the deed conveyed the same land of which the plaintiff claimed the ownership.

The petition then asserts, that at the time said deed of trust was executed, said Cornelia, the wife of Maloney, was holding the legal title to said real estate, and then charges that she never executed said deed, nor acknowledged it in conformity to law. It further charged, that the record of said deed of trust cast a cloud on plaintiff's title. And therefore, the plaintiff asks that said pretended deed of trust may be set aside and held for naught, so far as it affects the title of plaintiff, and that the defendants and all persons claiming under them may be perpetually enjoined from setting up any claims to said real estate by reason of said pretended deed of trust.

The answer to this petition is simply a denial of every allegation asserted by plaintiff, and an assertion of everything denied by plaintiff. The parties went to trial on this state of pleadings. The plaintiffs then introduced a deed from the sheriff of Jackson County, dated June 2, 1871, purporting to convey to plaintiff all the interest of J. C. F. Maloney to the land in controversy. This deed recited a judgment before a justice in 1870, in favor of plaintiff for seventy dollars, against J. C. F. Maloney, and a transcript of said judgment filed in the clerk's office in 1871, and an execution in favor of plaintiff in 1871, and a levy and sale of the real estate in controversy and a purchase by plaintiff.

The plaintiff then read a record of a suit in equity in the Circuit Court of Jackson County, in which plaintiff in this case was the plaintiff, and J. C. F. Maloney, Cornelia A. Ma-

loney and Wm. P. Allen were defendants. In this record, it is averred in the petition, that in 1866, Maloney was largely indebted in the sum of two thousand dollars, and has been ever since; that he was then and ever since has been insolvent; that in March, 1866, and November, 1866, and in March, 1867, Maloney bought several pieces of land from Allen for about $1,800; that being then insolvent, and with a view to hinder and defraud his creditors, he caused said Allen to convey the real estate to his wife, Cornelia A. Maloney; that no part of the purchase money was paid by the wife.

The petition then states that in 1869, said Maloney became indebted to plaintiff in the sum of seventy dollars; that the plaintiff obtained judgment, execution, etc., and ultimately a deed from the sheriff conveying all the interest of said Maloney in said real estate. The prayer is, therefore, that the said several deeds so made by Allen to Mrs. Maloney may be set aside, and that the title and interest of said J. C. F. Maloney be vested in the plaintiff.

There was a judgment by default in this case, of which the record was read in evidence, and a final decree ultimately made, reciting all the facts alleged in the petition, and decreeing the several deeds so made by Allen to Mrs. Maloney to be set aside, and vesting all the title of Maloney in the plaintiff.

The admissibility of this was objected to because the present defendants were not parties to this suit; but the objection was overruled. The plaintiff then read a lease from herself to J. C. F. Maloney, dated Jan'y, 1872.

The deed of trust from Maloney and wife to Jamison, trustee of Miller, was made 14th December, 1867. It was to secure a promissory note of Maloney and his wife, of that date for $2,200 dollars, payable five years after date. It purported to convey thirteen acres of land near Kansas City, being the same before described in the deeds of Allen to Mrs. Maloney. It purported to have been executed and acknowledged by Maloney and wife before a notary public, and the certificate was formal and regular.

Evidence was then introduced to show that the notarial certificate was false, and that Mrs. Maloney, never, in fact, acknowledged the deed in conformity to law, and counter evidence was offered to establish that she did sign and was duly examined. It is unnecessary to state the evidence—the finding of the court was for the plaintiff on this point, and was justified by the weight of testimony. The court accordingly decreed "that the instrument of writing in the plaintiff's petition described, that is to say, the instrument purporting to be a deed of trust, signed, sealed, and acknowledged by J. C. F. Maloney and Cornelia A. Maloney on the 14th December, 1867, and purporting to convey the real estate therein described, to-wit: (here follows a description) to the defendant, W. C. Jamison, as trustee, to secure to defendant, John S. Miller, a promissory note therein described, which instrument is recorded in the recorder's office of Jackson County in book 57, etc., be, and the same is by the court set aside, and for naught held, so far as the same purports to convey any interest of the said Cornelia A. Maloney in the real estate therein described, and the said W. C. Jamison and John S. Miller, and all persons claiming by, through or under them are perpetually and forever enjoined from claiming or asserting any right or title to the real estate therein described, by reason of the said deed of trust so far as the same purports to have been signed or acknowledged by the said Cornelia A. Maloney. From this decree the present appeal is taken.

The petition in this case is clearly defective, but as no objection was made on this ground, and the case went to trial, we may consider the case as it appears from the evidence.

It appears then, that in 1870, the plaintiff had a small claim against Maloney, upon which he sued him before a justice of the peace, and obtained a judgment for seventy dollars, and in 1871 had this judgment filed in the office of the Circuit Court, and an execution issued on it, and had this execution levied on the thirteen acres of land owned by Maloney as he claimed. The plaintiff bought under this execu-

tion, and obtained a sheriff's deed. He then, in 1872, instituted a proceeding against Maloney and his wife, and one Allen, the person from whom this tract of land was bought, alleging that this land was bought with Maloney's money, and that his wife had no interest in it, and that the title had been put by Allen, at Maloney's request, in Mrs. Maloney, with a view to defraud Maloney's creditors. There was no defense in this case, on the part of Maloney or his wife or Allen, and the decree of the court was in accordance with the petition, declaring Maloney the owner and conveying all Maloney's interest to plaintiff, as the purchaser at sheriff's sale in 1871.

Some years before this, however, and before the plaintiff had any claim against Maloney, so far as the record shows, Maloney and wife had borrowed of Miller $2,200, and executed to Jamison a deed of trust on this land to secure this money. This deed purported to be the deed of both Maloney and his wife, and the note which it was to secure was signed by both. It is said that at this date (1867) the title on the records was in the name of the wife, though no evidence was offered concerning this.

The plaintiff, however, now asserts, and, indeed, established in his decree obtained in 1871 or 1872; that Mrs. Maloney had no interest whatever, in this land; that it belonged to Maloney; and that the title was put in the wife's name to defraud Maloney's creditors.

The plaintiff's title, it will be seen, is based solely upon his being a creditor of Maloney, and in that capacity procuring Maloney's title by a purchase under execution, and by a subsequent decree which declared that Maloney was the owner, and that plaintiff held Maloney's title. Why then he should go into court to get Mrs. Maloney's signature to a deed made in 1867, declared a mere nullity, when he insists and shows that she never had any title, is not clear.

It cannot be maintained that this decree obtained by the plaintiff in a proceeding against Maloney and wife and Allen, was any evidence against the present defendants. It was *res*

*inter alios acta.* No doubt a judgment or decree of a court may be given in evidence against all the world to establish the fact of such a judgment or decree, when it is a link in the chain of title of the party offering it. But the plaintiff showed title by the introduction of the sheriff's deed, and the decree he offered effected no more than the deed, unless it was offered to show the extent of Maloney's title and the nullity of his wife's. The present defendants, who held under a deed executed years before this decree, were no parties to the proceeding, and had no opportunity of contesting the facts asserted in the petition and established in the decree. The record of this proceeding was no evidence against the present defendants, for the purpose of establishing fraud on the part of Maloney, or for the purpose of confirming his title and destroying that of his wife. These were questions in which defendants had an interest and a right to be heard.

If the plaintiff's position was correct, Mrs. Maloney had nothing but an inchoate right of dower to the land, and her signature to the deed was only contingently of any importance whatever, and such a cloud as that would scarcely warrant an expensive litigation to remove. The decree is careful to limit its effect to Mrs. Maloney's interest; and it may, in that respect, be regarded as harmless. Still we doubt the right of parties to multiply suits in this way, and try one question in one case, and bring the record to bear on another, where the parties are different, and the questions of fact and law different.

The defendants in this case are called upon to litigate a point of fact, about which they may be ignorant or indifferent. Their title accrued long anterior to any claim of plaintiff, and it is not easily perceived how their title, whether derived from the husband or wife, or from both can be regarded as in any way subjected to the plaintiff's claims. The latter, it is true, may be the best title, but the respective merits of the two should at least be settled in a case where both parties are before the court. It is no case of a cloud upon a title, but of any title at all. .

Judgment reversed; the other judges concur.