M. L. COLEMAN, Appellant, v. THE AMERICAN FIRE INSURANCE COMPANY OF NEW YORK, Respondent.

St. Louis Court of Appeals, April 29, 1898.

1. **Garnishment:** INTERPLEA: PARTIES. In the case at bar, since plaintiff was not a party to the garnishment proceedings against defendant insurance company under an execution obtained against plaintiff; and since plaintiff is not named as a party in the judgment directing an interplea, he is not bound by that judgment.

2. ———: ———: ———: EVIDENCE: JUDGMENT. Nor was the judgment evidence against him as to any of the facts recited in the judgment.

3. ———: ———: ———: FOREIGN CORPORATION: JURISDICTION. It is conceded that the insurance company is a foreign corporation. The notice of garnishment served on it was in writing, signed by the sheriff of Lawrence county, who held the *fieri facias*, and the only one issued in the case. This notice could only be served by the sheriff or by his duly appointed deputy, within the bounds of his bailiwick (Lawrence county), the execution having been directed specially to him, and could not be served by the sheriff of the city of St. Louis.

4. ———: ———: ———: STATUTORY CONSTRUCTION. The party who held the execution against plaintiff might, under section 4900, Revised Statutes 1889, have had his execution directed to any sheriff in the state, and when thus issued it might have been served by any sheriff in the state.

5. ———: ———: ———. Under the circumstances in the case at bar there was no service of garnishment on the defendant insurance company.

6. ———. Garnishment under execution is legal, not equitable.

*Appeal from the Lawrence Circuit Court.*—HON. JNO. C. LAMSON, Judge.

REVERSED AND REMANDED (*with directions*).

H. H. BLOSS and HENRY BRUMBACK for appellant.

The court committed error in dismissing this action, and in overruling plaintiff's motion to set aside such judgment. Respondent was not legally summoned as garnishee in Jones against Mining Company. Respondent is a foreign corporation, and service must be had in manner pointed out by Revised Statutes 1889, section 5912. "Such company must file with the superintendent of insurance authority to receive service of process, and service as aforesaid, of process issued by any such court, upon the superintendent, shall be valid and binding and be deemed personal service. The very sheriff to whom the execution is directed must have summoned the garnishee, and not the sheriff of St. Louis. "When a *fieri facias* shall be issued and placed in the hands of an officer for collection, is shall be the duty of the officer when directed by the plaintiff, his agent or attorney, to summon garnishees." R. S. 1889, sec.

5219. The execution in Jones v. Mining Company, being directed to the sheriff of Lawrence county, did not authorize the sheriff of Lawrence county to make service in the city of St. Louis; neither did it authorize the sheriff of St. Louis to execute it. "The sheriff of Linn county has no general power to serve process beyond the limits of his county, and there is no special provision in cases like the present (against foreign insurance company) authorizing the sheriff to serve process in any other county." Stone v. Ins. Co., 78 Mo. loc. cit. 658. "Ordinarily a sheriff or similar officer has no authority to serve process beyond the limits of his county or district; a writ, from whatever jurisdiction issued, must therefore be addressed to and served by the sheriff or other officer of the county or district where service is to be made." 22 Am. and Eng. Ency. Law, 109, and cases cited. Unless service of garnishment was regularly and legally made upon the respondent, the court acquired no jurisdiction over her as garnishee, nor over the fund owing by her to appellant; nor could or did respondent confer any such jurisdiction by entering her appearance and answering interrogatories, and paying debt into court. Gates v. Tusten, 89 Mo. loc. cit. 19–22, and cases cited; Norvel v. Porter, 62 Mo. 309; Haley v. R. R., 80 Mo. 112; Wilson v. R. R., 108 Mo. loc. cit. 601, *et seq.;* Harness v. Cravens, 126 Mo. loc. cit. 251. "The garnishment is not a judicial writ; it is not sued out by the plaintiff; but it is a mere notice issued by the levying officer." Todd v. R. R., 33 Mo. App. loc. cit. 113; Hackett v. Gihl, 63 Mo. App. loc. cit. 453.

EDW. J. WHITE for respondent.

Was the defendant entitled to the order made by the trial court for the plaintiff to interplead in said court for the fund claimed in this suit, and if so, how

could that right be effected by any orders of the same court, made in any other case? Defendant was entitled to the order requiring the plaintiff to interplead for the fund sued for. The defendant, by its motion, came into court and said: The fund claimed by the plaintiff in this case has already been paid into court; the plaintiff was present in court as a garnishee when it was paid into court and made no objection thereto; but in the same case in which he was regularly summoned as garnishee, when it was paid, there was four other conflicting claimants for the same fund. "I have and claim no personal interest in it," but there are other parties who do claim the entire fund, antagonistic to the plaintiff; these are the names of the parties and this the nature of their claim and these are the particular facts upon which such claims are based, showing the real question to be tried between them. This contained the substantial averments of a good and sufficient bill of interpleader. Roselle v. Bank, 119 Mo. 84; Story's Eq. Pl. [10 Ed.] sec. 291, *et seq.;* Bisp. Pr. Eq. [4 Ed.], sec. 422, p. 478. "And such remedy can be asked under a bill, if in equity, or by motion, if at common law." 11 Am. and Eng. Ency. Law, p. 502, sec. 5, and notes. And under the Code, it is immaterial what the pleading is called, if the facts stated warrant the relief asked. State ex rel. v. Tittman, 103 Mo. 553. The facts set forth in the defendant's motion were not controverted, but established by the evidence of counsel for the different claimants to the fund and admitted by the plaintiff. Under a similar showing, in the case of Roselle v. Bank, that was before the supreme court (119 Mo. 93), Judge BRACE said: "The only proper thing for the court to have done, would have been to have granted the prayer of the answer, made a rule upon the claimants to interplead, ordered the defendant to bring the money

into court, and upon its doing so, discharged it, with its costs, to be paid out of the fund." Roselle v. Bank, *supra;* Bechtel v. Sheafer; 117 Pa. St. 564; Spring v. Ins. Co., 8 Wheat. 268. This rule is but a repetition of the doctrine laid down in the text-books on equity jurisprudence and applies peculiarly to a case like the present. Bisp. Pr. Eq. [4 Ed.], sec. 422, p. 478, *et seq.;* Story's Eq. Pl. [10 Ed.], secs. 291, 292; Tiedeman's Eq. Jur., sec. 373, p. 665. And it has been applied in this court, to a state of facts very similar to those in the case at bar. And a garnishment judgment, until reversed on appeal, is placed on the same footing as any other judgment, and can not be collaterally impeached. St. L., Etc., Co., v. Richter, 48 Ark. 350; Allen v. Watt, 79 Ill. 284; Ins. Co. v. Kirk, 23 Ill. App. 19; 8 Am. and Eng. Ency. Law, 1252.

BLAND, P. J.—This suit is upon a policy of insurance against loss by fire, issued by The American Fire Insurance Company, insuring the plant of the Little Rustler Mining Company against loss by fire. The mining plant was the property of plaintiff. At the date he took out the policy of insurance he had encumbered it by a chattel mortgage to defendants Hall and Hill to secure a note of $3,000, made by plaintiff to Hall and Hill, and the policy of insurance was made payable on its face to Hall and Hill, in the event of loss, as their interest might STATEMENT. appear. On the thirtieth day of March, 1895, and during the life of the policy, the property insured was totally destroyed by fire; the loss was afterward adjusted by the insurance company and agreed by it and Coleman to be $621.77. In the original petition plaintiff stated that $2,500 of the mortgage debt was due and unpaid, and that defendant

Belle H. Small, claimed to be the owner of the note secured by the mortgage, by assignment from Hall and Hill. By his second amended petition the plaintiff averred that all the mortgage debt had been paid, but that Hall and Hill claimed that there was a balance yet due, and that Bell Small claimed to be the legal owner and holder of the debt secured by the mortgage by assignment from Hall and Hill.

The American Fire Insurance Company did not answer the petition but filed the following motion to dismiss the suit:

"Comes now the defendant for the purposes of this motion only and moves the court to dismiss plaintiff's cause of action against the defendant and to order the plaintiff to interplead in this court for the amount claimed against defendant, and for ground for said motion presents to the court that heretofore, to wit, on the seventh day of November, 1894, the defendant executed its fire policy No. 100138 to the plaintiff, as insured, covering a mining plant, in said policy described, insuring said property in the sum of one thousand dollars, loss, if any, payable to John L. Hall, and Jas. H. Hill, mortgagees, as their interest should appear. That on the thirtieth day of March, 1895, there was a loss by fire under said policy MOTION. of the property covered thereby, and on the sixth day of April, 1895, the adjusted claim under said policy, as shown by the proofs made by the said insured, was six hundred and twenty-one dollars and seventy-seven cents, which sum it was then and there agreed was the full limit of the defendant's liability under said policy and the full amount due said John L. Hall and Jas. H. Hill, beneficiaries under said policy, all of which the plaintiff agreed to; that on April 24th, 1895, subsequent to said adjustment and prior to the payment of said adjusted claim,

which, under the agreement of said adjustment,' was not payable until sixty days after said agreement, the defendant was garnished by Charles Jones in an action wherein said Charles Jones had recovered a judgment against the Little Rustler Mining Company, a corporation of which John L. Hall and Jas. H. Hill were the principal stockholders, the said plaintiff, Charles Jones in said action charging the defendant as such garnishee that the debt due by it to Hall and Hill was in truth and in fact the debt of the said Little Rustler Mining Company, and that said Hall and Hill were trustees of said fund for said corporation and as a creditor it proposed to charge said fund and hold the same to satisfy said judgment; that in attempting to adjust and have determined the rights of said Little Rustler Mining Company, the plaintiff, Coleman, and the said Hall and Hill, mortgagees, the said Charles Jones and all of said parties summoned as garnishees in this court, and all of whom were duly and regularly summoned together with plaintiff and this defendant to appear at the August term, 1895, of this court to answer the interrogatories submitted by the plaintiff. That all of said parties, i. e., Charles Jones, John L. Hall and Jas. H. Hill to whom as mortgagees of said property the plaintiff at that time had not paid and discharged their debt secured by the policy of the defendant, as well as the said plaintiff and one Bell H. Small, who claimed to be the assignee for value of the notes from plaintiff to said Hall and Hill and as such entitled to the said sum of $621.77, due from the defendant, claimed the said sum due from the said defendant and the said defendant, under a statement of these facts to the court on the 22nd day of August, 1895, in pursuance with an order of court then made, paid said sum of $621.77 into the court and to the sheriff thereof, less an allowance of twenty-five

dollars for answering said garnishment, taking the sheriff's receipt therefor, the court then and there ordering and adjudging that said defendant should henceforth be discharged from further liability as to said fund and debt and the said defendant at the time submitting to the judgment of the court and discharging the same.

"By reason of all of said facts and the different claims to the debt due from the defendant and the fact that the plaintiff was present in court and had full knowledge of said claim as well as the fact that defendant has paid said debt into court and been fully, by order of court entered of record, discharged therefrom, the said plaintiff is and ought to be, in justice and right, compelled to interplead for said funds, not only because the same is in the custody of the court, but to protect the defendant from the claims of the other parties laying claim thereto.

"Wherefore it is asked and prayed that the plaintiff's cause be dismissed as to the defendant, and the said plaintiff be ordered to proceed to enforce his claim against the fund previously paid into court, by the defendant and to interplead therefor, and the defendant be allowed to go hence and to have and recover its costs."

To sustain its motion the insurance company offered in evidence the following judgment, to wit:

"Charles Jones, Plaintiff,

vs.

"The Little Rustler Mining Company, Defendant.

"Now on this 22nd day of August, 1895, it being the fourth judicial day of the August term, 1895, of the Lawrence county circuit court, comes the American Fire Insurance Company of New York, garnishee, and

files his answer to the interrogatories filed in the above cause by the plaintiff, and it appearing by the answer of the garnishee that it is indebted to John L. Hall and James H. Hill, two of the defendants in this cause, in the sum of $621.77 it is ordered that said American Fire Insurance Company of New York pay to the sheriff of this county the said sum of $621.77, so due and owing by it to said defendants, and that on payment of said sum in accordance with the order of the court said American Fire Insurance Company of New York be discharged from all further liability in the premises by reason of said garnishment. And it further appearing to the court that the garnishee, the American Fire Insurance Company of New York, has been put to considerable trouble, expense and time in answering to said garnishment, it is therefore ordered and adjudged that said garnishee have and recover of and from the fund found to be owing by it to the defendants the sum of $25 as attorney fee EVIDENCE to sustain motion. for answering and its cost and trouble and expense of appearing in its capacity of garnishee herein, which sum the sheriff shall pay to said garnishee from the amount found in its possession due and owing by it to the defendant."

It appears from the testimony offered on the motion by plaintiff Coleman, that prior to the loss of the Little Rustler Mining Plant, by fire, Charles Jones had recovered in the Lawrence circuit court a judgment of $1,000, against the Little Rustler Mining Company (a corporation), and that after the loss of the plant by the fire he sued out a *fieri facias* on this judgment and had Coleman garnished, and also undertook to garnish the insurance company which was done in this way: The sheriff of Lawrence county to whom the *fieri facias* was directed and delivered, made out the following notice of garnishment directed to the insurance company,

and forwarded it to the state superintendent of insurance, to wit: ·

"STATE OF MISSOURI, ·

"COUNTY OF LAWRENCE.

"In the circuit court of Lawrence county.

"Charles Jones, Plaintiff,

vs.

"Little Rustler Mining Company et al., Defendants·

Garnishments.

"To the American Fire Insurance Company of New York, garnishees: You are hereby notified that I, as the sheriff of Lawrence county, Missouri, do hereby levy upon, seize and attach in your hands all moneys, debts and evidences of debts due by you to the Little Rustler Mining Company or to John L. Hall and J. H. Hill, defendants in the above entitled cause or so much thereof as will be necessary to satisfy the sum of one thousand dollars, the amount of an execution in my hands against the said defendants with interests and costs thereof, and to be and appear before the circuit court of Lawrence county to be holden in the courthouse at the city of Mount Vernon, in the said county, on the third Monday in August, 1895, then and there to answer such interrogatories as may be exhibited by the said Charles Jones, the plaintiff in the above entitled cause. Witness my signature this 19th day of April, 1895.                    JOHN MANLOVE,

"Sheriff of Lawrence County."

NOTICE of garnishment.

This notice of garnishment was served by the sheriff of the city of St. Louis, and is as follows, to wit:

"I hereby certify that I have delivered a true copy of the within notice of garnishment to James R.

Waddell, superintendent of the insurance department at the city of St. Louis, and state of Missouri, on the 23rd day of April, 1895.        HENRY TROLL,
                "Sheriff of the city of St. Louis.
"J. W. LUAK, Deputy."

It also appeared that there were other insurance companies summoned as garnishees in the same manner, but one set of interrogatories were filed; the set filed were addressed to The American Fire Insurance Company as interpleader; these interrogatories were unsigned by Charles Jones or by any one for him. The sheriff's return to the *fieri facias* is as follows: "By virtue of the within execution I did, on the 19th day of March, 1895, serve notice of garnishment on The American Fire Insurance Company of New York, the Phoenix Insurance Company of Hartford, Conn., and The Trader's Insurance Company of Chicago, Ills., and on the 27th day of April, 1895, served notice of garnishment on M. L. Coleman, of Aurora, Mo., my detailed returns of the manner of which said service of garnishments is set out in the additional certificate herewith made and hereto attached.
                "JOHN MANLOVE,
        "Sheriff of Lawrence County, Mo."

The defendant insurance company appeared under the notice of garnishment and filed its answer to the interrogatories (not given in the abstract of record) whereupon the court permitted the company to pay the money due on the policy to the sheriff, less its allowance for answering, and discharged it and directed Hall and Hill and Jones to interplead for the fund. What was done with the garnishment proceedings against Coleman does not appear; he is not mentioned in the judgment to interplead, and it is fair to presume

he was not proceeded against on the summons bringing him in on Jones' execution as a garnishee. On the motion to dismiss, Coleman testified that he had paid off the whole of the mortgage debt to Hall and Hill. The court sustained the motion to dismiss and rendered the following judgment thereon:

"Now at this day comes on to be heard, the above entitled cause upon the motion of defendant to require plaintiff to interplead in the case of Charles Jones against The Little Rustler Mining Company, and to dismiss this action, and all and singular the facts being seen by the court, the said motion is by the court sustained, and it is considered by the court that the plaintiff be required to interplead in the case of Charles Jones against The Little Rustler Mining Company in this court, and that this action be dismissed, and that defendant go hence without day and have and recover of plaintiff her costs in this behalf."

From this judgment plaintiff duly appealed to this court. Coleman was not a party to the garnishment proceedings against the insurance company under the Jones' execution; he is not named as a party in the judgment directing an interplea; he is therefore not bound by that judgment. Dugge v. Stumpe, 76 Mo. 513; nor was it evidence against him as to any of the facts recited in it. Cravens v. Jameson, 59 Mo. 68; Thrasher v. Greene Co., 105 Mo. 244. It is conceded that the insurance company is a foreign corporation, and appellant contends that the service of notice of garnishment upon it was void, and that its appearance and answer to the interrogatories in the Lawrence circuit court was a voluntary appearance and that the judgment directing an interplea and discharging the insurance company is for these reasons void. The notice of garnishment was in writing, as it must have been (R. S. 1889, sec. 5222),

JUDGMENT: party.

signed by the sheriff of Lawrence county, who held the *fieri facias*, and the only one so far as this record discloses that was issued. The written notice of garnishment was one of the statutory methods by which the sheriff of Lawrence county might at the direction·of the plaintiff in the execution serve the writ; this he could only do by himself or by his duly appointed deputy within the bounds of his bailiwick (Lawrence county), the execution having been directed specially to him. R. S. 1889, sec. 4899; Stone v. Ins. Co., 78 Mo. loc. cit. 658. Jones, if he had so

No service of garnishment in this case.

directed, might under section 4900, Revised Statutes 1889, have had his execution directed to any sheriff in the state, and when thus issued it might have been served by any sheriff in the state. We held there was no service of garnishment on the insurance company, and that its appearance and answer to the interrogatories were purely voluntary; being voluntary its appearance conferred no jurisdiction on the Lawrence circuit court over the debt due from it to Coleman and its judgment discharging the insurance company and directing an interplea is void. Drake on Attachment, sec. 451b; Haley v. R. R., 80 Mo. loc. cit. 114; Fletcher v. Wear, 81 Mo. loc. cit. 531; Wilson v. R. R., 108 Mo. loc cit. 601; Harness v. Cravens, 126 Mo. loc. cit. 251; Norvel v. Porter, 62 Mo. 309; 89 Mo. loc. cit. 21, 22. Respond-

Legal, not equitable garnishment

ent, by its motion to dismiss the suit, undertook to convert the attempted garnishment on execution into an equitable garnishment. This can not be done. Section 5218, which authorized this process of garnishment resorted to by Jones on his execution, provides for a legal remedy, and extends only to legal assets. It is not an equitable procedure and can not reach equitable interests or assets. Lackland v. Garesche, 56 Mo. 267; Beckham v. Tootle,

Hanna & Co., 19 Mo. App. loc. cit. 603; Mercantile Co. v. Bettles, 58 Mo. App. 384. For the errors complained of the judgment will be reversed and the cause remanded, with directions to the trial court to overrule the motion to dismiss, to reinstate the cause on its docket, and to give defendant leave to plead, if it is so advised. All concur.