Seidel v. Cornwell.

$$\begin{array}{cc} 166 & 51 \\ 176 & {}^{1}217 \end{array}$$

## SEIDEL, Appellant, v. CORNWELL et al.

### Division One, December 17, 1901.

1. **Mechanic's Lien:** MORTGAGE BEFORE IMPROVEMENTS: HOUSES: RENTS: ACT OF 1887. The mechanic's lien act of 1887, is intended only to settle title to real estate, and where that is admitted by the pleadings, the purchaser under the mechanic's lien judgment can not proceed under that act to have himself declared the owner of the houses and to have an accounting for the rents and profits between himself and the mortgagee in possession under an unforeclosed deed of trust placed on the lots before the houses were built. He has an ample remedy by ejectment, and replevin or conversion, etc.

2. ———: ———: ———: PROCEDURE. The owner of lots executed a deed of trust thereon to secure a valid debt, which has never been foreclosed. Afterwards, he built houses on the lots, and mechanic's liens were decreed against them, and thereupon he turned over the possession to the trustee and *cestui que trust* under an agreement that the rents should be applied on the debt, and at a sheriff's sale under the mechanic's lien judgment the plaintiff was the purchaser. *Held, first*, that plaintiff, being the purchaser of the mortgagor's equity of redemption, is entitled to possession until the deed of trust is foreclosed, and can maintain ejectment therefor, in which action he can recover the value of the rents as damages; *second*, being the owner of that equity, he is entitled to pay off the mortgage and retain possession; *third*, he has a better title to the houses than the claimant under the mortgage, and, under the statute was entitled to remove them within a reasonable time after his purchase at the sheriff's sale under the judgment; and, *fourth*, if the mortgagee in possession refused to permit him to remove them he could have maintained replevin therefor, or treated that refusal as a conversion and recovered their value.

Seidel v. Cornwell.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood,.* Judge.

AFFIRMED.

*Schulenburg & Meyer* and *Robert L. McLaran* for appellant.

The circuit court erred in sustaining defendant's demurrer and gave judgment for defendants. (1) Plaintiff's amended petition stated facts sufficient to constitute a cause of action. Laws 1897, p. 74; Huff v. Land & Imp. Co., 157 Mo. 65; Holland v. Challen, 110 U. S. 15. (2) Plaintiff is entitled, under the allegations of the amended petition, to the relief prayed for, although he may also have a remedy in an action at law. Laws 1897, p. 74; Huff v. Land & Imp. Co., supra; Lime & Cement Co. v. Bank, 158 Mo. 272; Stewart v. Caldwell, 54 Mo. 536; Pratt v. Clark, 57 Mo. 189. (3) Plaintiff has no relief in law which is adequate and complete. R. S. 1889, sec. 6707; Seibel v. Siemon, 72 Mo. 526; Ambrose v. Gaben, 22 Mo. App. 397.

*E. W. Banister* and *H. A. Loevy* for respondents.

(1) The mechanic's lien law of this State accurately defines the rights and titles of the adversary parties here. R. S. 1899, sec. 4205; Schulenburg v. Hayden, 146 Mo. 594. There is, therefore, no occasion for resorting to the remedy provided for by Revised Statutes 1899, section 650. (2) Under the mechanic's lien law of this State applied to the facts stated in the petition, the houses which appellant bought at the sheriff's sale, under the mechanic's lien judgments and executions, are personal property. Seibel v. Siemon, 72 Mo. 526. And section 650, Revised Statutes 1899, on which the petition is based, applies specifically only and exclusively to real estate titles. R. S. 1899, sec. 650. (3) Appellant has a complete

and adequate remedy at common law against respondents, by action of conversion for the refusal to permit him to remove the houses, under section 4205.    Seibel v. Siemon, supra.    (4) Section 4205 gave appellant a reasonable time after his purchase within which to remove the houses.    The petition does not show when he first attempted to remove and was denied permission to remove; consequently, we do not know that he attempted to remove within a reasonable time.    What is "reasonable time" is, where the facts are undisputed, purely a question of law.    State ex rel. v. Goetz, 131 Mo. 680.    As used in this law it unquestionably means promptly.    Appellant's petition is based on the law of 1897, now sections 650, 651 and 652, Revised Statutes 1899, being a law by which a person in or out of possession of real estate can institute an action to bring before the court the persons who are claiming adverse interests to him, by having all the adverse interests defined, and vesting the court with authority to require the adverse claimants to bring suit for enforcement of their titles.    Respondents contend: first, that the mechanic's lien law (sec. 4205, R. S. 1899) covers and fully applies to this case; and that the mechanic's lien law fully declares what the rights of appellant are; second, that appellant's rights being fully determined and ascertained by the mechanic's lien law, there is no uncertainty about appellant's rights; consequently, he need not resort to a suit under the quieting-title law to determine and ascertain his rights; third, that appellant's rights being clearly determined by the mechanic's lien law, he has an adequate and complete remedy at law, and should not resort to this proceeding.

MARSHALL, J.—This case is here upon appeal by the plaintiff from a judgment of the circuit court of the city of St. Louis, sustaining a demurrer to the petition.

The contest is between the purchaser of the land and houses at a sheriff's sale, under a judgment establishing a me-

chanic's lien thereon, for work and labor done after the deed of trust was put on the unimproved land, and the original owner of the land and of the houses and the holder of the deed of trust.

The material allegations of the petition are: first, that the Cornwells owned certain unimproved land, and executed to Vogel as trustee for Fisher, five deeds of trust thereon to secure the payment of certain notes; second, that the deeds of trust have never been foreclosed, but that the Cornwells have turned over the possession to the trustee and the *cestui que trust,* with authority to collect the rents and apply them upon the secured debt, which they are doing; third, that after the deeds of trust were executed the Cornwells built five houses on the land, and that certain judgments were rendered on mechanic's liens as special liens against the land and the improvements, in actions wherein the Cornwells and Fisher and Vogel were parties, and at the sheriff's sale thereunder the plaintiff became the purchaser of the land for fifty dollars, and of the five houses for five hundred dollars; fourth, that the plaintiff is entitled to the possession of the land subject to the deeds of trust, and also to rents and profits since the date of the purchase, and also to remove the improvements, "all of which rights, titles and interests of the plaintiff are denied by said defendants, they claiming title to said real estate and improvements as against said rights, titles and interests of plaintiff thereto." The prayer of the petition is that under the Act of 1897 (Laws 1897, p. 74) the court ascertain and determine the estate, title and interest of plaintiff and defendants, respectively, in said land and improvements; that plaintiff be declared to have title to the houses in priority over the deeds of trust; that an accounting of rents and profits be had; that plaintiff be decreed the right to remove the houses from the land, and that defendants be enjoined from hindering or preventing such removal, and for general relief. The demurrer is, practically, general.

## I.

Counsel are not agreed as to the natuıe of this action. Plaintiff's counsel insists that it is a procceding at law under the Act of 1897 (now sec. 650, R. S. 1899), while defendants' counsel contend that it is a bill in equity.

If it is a proceeding under the Act of 1897, it is broader than that act, in that it asks for an accounting as to rents and profits, and for the right to remove the houses, and for an injunction against the defendants from interfering with the removal thereof, and for general relief. That act is intended only to settle title to real estate, and affords no authority for the other relief asked herein. The title of the plaintiff to the real estate in this case is correctly stated in the petition, and confessed by the demurrer, to be the equity of redémption, subject to the deeds of trust, and this is so because the plaintiff has succeeded to the rights of the Cornwells, and such will be their title until a foreclosure of the deeds of trust, which has not yet occurred. This being true, the plaintiff's proper remedy was ejectment. In that form of action, upon such status of the parties, the plaintiff would have been entitled to the possession of the land and the houses until the foreclosure of the deeds of trust, and would also be entitled to damages for the detention. In addition, because the plaintiff was the owner of the equity of redemption, he would have been entitled to pay off the mortgages, but the petition alleges no such offer and claims no such right. The petition correctly states, also, and the demurrer admits, that the plaintiff has a better title to the houses than the defendants have, and, under section 4205, Revised Statutes 1899, he was entitled to remove them within a reasonable time after his purchase at the sheriff's sale. But the Act of 1897 can give him no relief of that kind. If the defendants refused to allow him to remove them, he could have maintained an action in replevin for them (Schulenburg v. Hayden, 146 Mo. 583); or he could have treated it as a con-

version and have recovered their value (Seibel v. Siemon, 52 Mo. 363; Ibid., 72 Mo. 526).

The rights of the parties under such circumstances are clear, and the law has· always afforded adequate and appropriate remedies. The Act of 1897 was not intended to apply to such cases, nor to supersede the ordinary and well-known remedies for the correction of the wrongs here complained of.

The case of Huff v. Land Co., 157 Mo. 65, and Thorn & Hunkins Co. v. Bank, 158 Mo. 272, have no application to this case. The Huff case fell clearly within the purview of the Act of 1897, while the Act of 1897 had no bearing upon the Thorn-Hunkins case.

The judgment of the circuit court is affirmed. All concur.