EXCHANGE REAL ESTATE & BUILDING COMPANY, Respondent, v. SCHUCHMANN REALTY COMPANY et al., Appellants.

**St. Louis Court of Appeals, December 1, 1903.**

1. **LANDLORD AND TENANT: Right to Remove Improvements.** The right of a tenant to remove improvements from leased premises co-exists with the life of the lease, and expires with it.

2. ———: ———: **Estoppel.** The plaintiff bought improvements of a tenant, whose term had expired and who was holding from month to month upon an oral agreement that he should receive thirty days' notice of the termination of the tenancy so that he might remove the improvements, and plaintiff was induced to purchase by representations of the landlord, assignee of the original lessor, that the improvements belonged to the lessee and

that he was entitled to thirty days' notice in which to remove them, but the landlord took possession without such notice: *Held,* in an action by the assignee of the tenant for the value of the improvements, the landlord was estopped to deny the tenant's right of removal.

3. ———: ———: **Measure of Damages.** Where the landlord takes possession and refuses to allow the tenant to remove improvements which he had a right to remove, and the tenant brings an action for damages caused by such refusal, the measure of damages is the net value of the material after the improvements are torn down (*quaere*).

4. **PRACTICE:** **Erroneous Declaration of Law and Correct Theory of Trial.** Where the trial court, sitting as a jury, gives a declaration of law embodying an erroneous measure of damages, but receives evidence only upon the correct measure of damages, it is not error.

Appeal from St. Louis City Circuit Court.—*Hon. Robt. M. Foster,* Judge.

AFFIRMED.

*Collins & Chappell* for appellants.

(1) The lessor and lessee having agreed on terms for a new lease, and said new agreement not having provided for the removal of the improvements, under the terms of the original lease the right to remove ceased. Williams v. Lane, 62 Mo. 66. (2) The lessee and his assignee having abandoned the premises and improvements thereby lost the right to remove same. Loughran v. Ross, 45 N. Y. 792; Davis v. Moss, 38 Pa. St. 346; Corning v. Factory, 40 N. Y. 219; Marks v. Ryan, 63 Cal. 107; Henck v. Smith, 103 Ind. 203; Waters v. Bourke, 124 Mass. 571; Carlin v. Ritter, 68 Md. 478; Blueing Co. v. McColdan (N. B.), 42 Atl. 907; Gurbert v. Sons of Abraham, 59 N. J. L. 160; Coop v. Schneid, 4 Cinc. Bal. 1123. (3) Even conceding the plaintiff's right to recover, the measure of damages allowed by the court below is erroneous, and the finding grossly excessive. Spencer v. Vance, 57 Mo. 427; Bruce v. Ulery, 79

Mo. 322; Leahy v. Davis, 121 Mo. 227; Seidel v. Cornwall, 166 Mo. 51; Stevens v. Springer, 23 Mo. App. 373; Trauerman v. Lippincott, 39 Mo. App. 478; Witascheck v. Glass, 46 Mo. App. 209; Skeen v. Engine Co., 42 Mo. App. 163; Vance v. Metcalf, 19 Mo. App. 190; Brown v. Turner, 113 Mo. 33; Seibel v. Sieman, 72 Mo. 526; Bircher v. Parker, 40 Mo. 120.

*E. W. Banister* for respondent.

(1)   As to the findings of fact, the judgment of the court is incontrovertible.   Claflin v. Burkhart, 43 Mo. App. 229; Swayze v. Bride, 34 Mo. App. 416; Gaines v. Fender, 82 Mo. 509; Hamilton v. Boggess, 63 Mo. 233. (2)   There was abundant evidence to show that prior to the termination of the original lease, Gaeser, the lessee, made a new contract of lease with the owner of the land, whereby he was to be allowed ninety days' time to remove the improvements whenever required to surrender the land.   That agreement is not within the statute of frauds.   Nieswanger v. Squier, 73 Mo. 192.   (3) By reason of these representations of Schuchmann, appellants are estopped to deny the right of respondent to remove the improvements in question.   Cornwall v. Gaiser, 85 Mo. App. 684; Reynolds v. Kroff, 144 Mo. 447.

BLAND, P. J.— This controversy arises out of the following clause in a lease of certain real estate, in the city of St. Louis, for a term of five years, executed by Simon Rossi to William H. Dausman, February 20, 1895 to-wit:

"At expiration of said lease in case the said lessor, his heirs or assigns, and the said lessee, his heirs or assigns, do not agree on terms for new lease of said lot, said lessor, his heirs or assigns, agree to allow the said lessee, his heirs or assigns, to remove all improvements put on lot by said lessee at his, said lessee's, expense."

The lease by mesne assignments was acquired by the plaintiff. The lessees erected on the premises a one-story brick building thirty by fifty feet and a frame building, thirty by eighty feet, and a twenty-foot shed on the side of the brick building and put up about three hundred feet of fencing. The material in these improvements was estimated by plaintiff's witnesses to be of the net value of five hundred dollars at the time defendant took possession (November, 1901), that is, it was of that value after the buildings had been wrecked and the material piled and removed from the premises. The defendant's evidence is that the material was worth net, from seventy-five to eighty dollars.

Herbert Gaesar, one of the assignees of the lease, was in the occupancy of the premises when the lease expired. Fisher & Co. were the agents of Rossi for the property and collected the rents. A short time before the lease expired, Gaesar went to Rossi, the then owner and wanted the lease renewed. Rossi told him he did not want to give a new lease but that he could continue on in the occupancy of the premises. Gaesar said if he could not get a new lease, he wanted to remove the buildings before the lease expired and Rossi assured him that he might remove the buildings at any time in the future, and that when he (Rossi) wanted possession, he would give him ninety days' notice, so as to give plenty of time to remove the buildings and told him to see Fisher & Co., his agents, about a new lease. Gaesar went to Fisher & Co. and they refused to give a lease, but assured Gaesar that he might remain on the premises at a rental of thirty-five dollars per month and that so long as he paid his rent, he might keep the premises and agreed to give him ninety days' time in which to vacate and move off the improvements. This agreement, Gaesar testified, was indorsed on his receipt for rent for the month of February, 1900, and that he informed Fisher & Co. at the same time that he wanted to put up another improvement and they told him to go ahead and put it up;

that he had a right to remove the buildings on the premises and no one would interfere with this right and he should have ninety days' notice when they wanted possession of the premises to give him time to move off the improvements; that on the faith of this agreement he put up a frame structure about fifty feet square on the premises. Fisher & Co. admitted that they agreed to give sixty or ninety days' notice to Gaesar to vacate, but denied that they recognized his right to remove the improvements after the expiration of the lease of 1895. Gaesar subsequently sold the improvements, and the tenant occupying the premises on October 23, 1900, paid Fisher & Co. for that month's rent. A receipt was given for the rent and was indorsed: "Ninety days' notice to be given lessee in case of re-lease or sale," etc., and signed, "Fisher & Co." After this defendant acquired the fee to the premises by mesne conveyances from Rossi, Gaesar sold his lease and the improvements to L. H. Lawrence, and Lawrence to the plaintiff. Before making the purchase from Lawrence, plaintiff sent E. W. Banister to the defendant for the purpose of finding out whether or not Lawrence had the right to remove the improvements from the premises at the termination of his tenancy. Banister and Lawrence went together to see the defendant and they met Schuchmann, of the Schuchmann Realty Company, and had a conversation with him in regard to the matter. They both testified that Schuchmann stated Lawrence had the right to remove the improvements and that the law gave him thirty days to remove them after notice to quit; that Lawrence wanted the time extended, but Schuchmann refused to extend the time of notice over thirty days and advised Lawrence to remain on the premises, stating that they did not expect to sell for sometime and that Lawrence could make money by renting the premises for a saloon. Schuchmann admitted he had a conversation with Lawrence and Banister, but denied that he recognized Lawrence's right to remove the improvements, denied

that anything whatever was said in the conversation about the improvements, stated that Lawrence wanted an extension of time of notice to quit and also a new lease, but that he refused to execute a new lease or to extend the time of notice to quit. He further testified that he knew nothing about the original lease, had never seen it and did not know of its existence; that before his company bought the property, he went on the premises for the purpose of seeing who was there and was informed by the tenant then in possession that the tenancy was from month to month, and bought the premises with that understanding.

On the part of plaintiff, the evidence is that it was in possession of the premises by a subtenant and that in October, 1901, defendant took possession by force. On the part of defendant, the evidence is that the premises were unoccupied, being used as a sleeping place by tramps, when he took possession. On October 31, 1901, defendant was notified in writing by plaintiff that plaintiff would, within thirty days, as the owner thereof, remove the improvements from the premises. On November 1, 1901, defendant by written notice forbade plaintiff to remove anything from the premises. The suit was to recover the value of the improvements.

The issues were submitted to the court who found for the plaintiff and assessed his damages at $500. Defendant saved its exceptions in the usual way and appealed.

Plaintiff went into possession of the premises as a tenant after the expiration of the term of the five-year lease from Rossi to Dausman, and defendant acquired the title from Rossi by mesne conveyances, also after the expiration of the term of the lease. If nothing more appeared in the record, it is evident that plaintiff was not entitled to recover, as the right to remove the improvements co-existed with the life of the lease, and if the lease was dead and plaintiff was in possession under

a new one, in which no agreement was made that the tenant might remove the improvements, he had no right to remove them. Williams v. Lane, 62 Mo. App. 66, and cases cited.

It is contended by defendant that a new lease was made after the expiration of the lease of 1895, and that plaintiff occupied the premises under this new lease. The evidence shows that Fisher & Company were the agents of defendant as well as Rossi and of all the owners of the premises from the date of the Rossi lease until defendant took possession. It reasonably appears from the evidence that all the tenants after Gaesar, including plaintiff, purchased on the faith of the agreement between Rossi and Gaesar, in February, 1900, that whenever the owner should desire to terminate the lease, ninety days' notice would be given the tenant in which to remove the buildings and that the right to the improvements under the old lease was fully recognized. It also appears from the testimony of Banister and Lawrence, that before plaintiff would purchase of Lawrence, defendant assured Banister, the plaintiff's agent, that Lawrence had the right to remove the buildings and had the right to thirty days' notice to remove them at any time when the tenancy might be terminated. The uncontradicted evidence is that Rossi and his agents, Fisher & Company, both refused to give a new lease and agreed that the tenant by paying $35 per month might remain on the premises for an indefinite term and that he should have ninety days' notice of the termination of the tenancy and that Rossi expressly agreed that he should have this notice for the purpose of enabling him to remove the buildings from the premises. This was a new arrangement, but it distinctly recognized the right given in the old lease to remove the improvements, notwithstanding the future holding should be from month to month. By this arrangement, we think the clause in the old lease, that the tenants should have the privilege of removing the improvements at the expiration of the

lease, was distinctly adopted and continued in force down to the day the defendant unlawfully took possession of the premises. The evidence of plaintiff shows that it would not have made the purchase of Lawrence and paid the price it did pay, but for the representation of Schuchmann that the improvements belonged to Lawrence and that he was entitled to thirty days' notice in which to remove them. On this state of facts, defendant was estopped to deny the right of plaintiff to the improvements. Reynolds v. Kroff, 144 Mo. l. c. 447; State ex rel. v. Branch, 151 Mo. 622; Cornwall v. Ganser, 85 Mo. App. 678. And the finding of the circuit court for the plaintiff may be well sustained on the theory of an estoppel.

2. Defendant has furnished us with a very interesting brief as to the measure of damages in a case like this. His contention is that the proper measure of damages is the value of the material after the buildings had been wrecked and the material removed from the premises. Whether or not this is a correct rule, it is the one most favorable to the defendant and the one adopted by the plaintiff by its introducing evidence to prove the value of the material in the buildings after the buildings had been torn down and the material removed, and by not introducing any evidence of the value of the buildings to the defendant standing on the premises.

The court declared the law of the case as follows:

"The court, sitting as a jury, declares the law to be that, under the evidence in this case, the plaintiff is entitled to recover of the defendants, and that its measure of damages is the reasonable value of the buildings on the first day of November, 1901, the date of the demand made for the same by plaintiff, and the refusal to deliver by the defendants, and the court further finds the reasonable value of said buildings at said date to be $500."

From this declaration of law, the defendant draws the inference that the court estimated the damages to be the value of the buildings to the defendant; standing

on the premises. As we have seen, there was no evidence introduced by either party of their value to defendant, standing on the premises. The plaintiff's evidence tended to prove the net value of the material in the buildings to be $500 and the court must have acted on this evidence in assessing the damages. We do not think we should convict the trial court of error on account of an unguarded expression in a declaration of law, when to do so would convict the court of assessing the damages from a viewpoint not supported by any evidence whatever, and in the face of the fact that from another viewpoint and on the theory adopted by both sides at the trial, there is ample evidence in support of the finding. From the whole record, it seems to us that the judgment is for the right party and it is affirmed. *Reyburn* and *Goode, JJ.,* concur.