# HAMMOND, Respondent, v. DARLINGTON, Appellant.

## St. Louis Court of Appeals, December 27, 1904.

1. **MECHANIC'S LIEN: Removal of Building by Lessee: Damage to Lienor.** Where the plaintiff had obtained judgment enforcing a mechanic's lien for buildings erected on leased land, and the assignee of the lessee removed the buildings before the lienor could have them sold, the plaintiff's measure of damages, in an action against the assignee of the lessee, was the value of the buildings after being wrecked and removed from the ground.

2. **———: ———: ———: Error Acquiesced in.** But an instruction which directed the jury that the damages should be assessed at what the jury should find the structures to be reasonably worth when torn down, at the time they were torn down, without taking into consideration the cost of removal, was not reversible error where the appellant did not present an instruction embodying that feature.

3. **———: Description.** In a proceeding to enforce a mechanic's lien, the description of the land against which the lien is sought is sufficient if it points out the premises so that the land can be found and identified.

4. **———: Notice to Purchaser.** The purchaser of a lease of land on which buildings and improvements are being erected, is chargeable with notice that mechanic's liens may be enforced for labor and material entering into the construction of such buildings and improvements.

5. **———: When Lien Attaches.** A mechanic's lien, after due compliance with the provisions of the statute relating to its creation and enforcement, attaches as of the time when the improvements were commenced.

6. **———: Purchaser of Leasehold.** A purchaser of a lease upon which buildings and improvements were being erected, took the same with the burden of a mechanic's lien which was afterwards enforced against the leased property on account of the labor and material entering into such improvements.

7. ——: ——: Collateral Attack. And in an action by the lienor against the purchaser of the lease for the wrongful removal of the buildings, the proceedings and judgment in the mechanic's lien suit were prima facie evidence of the establishment of the lien, although the purchaser of the lease was not made a party to the mechanic's lien proceeding.

8. ——: Justice of the Peace: Order of Publication. In a collateral attack upon a judgment rendered by a justice of the peace enforcing a mechanic's lien, where the defendant was served by publication, it was not necessary, in order to sustain the judgment, to show that the justice made a docket entry ordering the publication; it was sufficient if such order appeared from any of the files.

9. ——: ——: ——: Finding of Justice. Where the notice of the order of publication with the return showing its execution, was introduced in evidence, the fact that the justice heard the cause necessarily raises the implication that he found the order had been made and executed.

10. ——: Damages for Removal of Improvements. One who has obtained judgment enforcing a mechanic's lien against real estate, has an action at law for damages for wrongful conversion against the party who destroys the improvements on the real estate so as to prevent their removal by the lienor.

Appeal from St. Louis City Circuit Court.—*Hon. James R. Kinealy*, Judge.

AFFIRMED.

*George D. Reynolds* and *George V. Reynolds* for appellant.

(1) The judgment and all the proceedings before the justice of the peace in the lien case were improperly admitted in evidence—they were improperly in evidence for any purpose, for these reasons: (a) neither Darlington nor either of his partners were parties to them; as to them it was *res inter alios acta*. Fire Clay Works v. Ellison, 30 Mo. App. 67; Griffith v. Gilliam, 31 Mo. App. 38; State ex rel. v. Drew, 43 Mo. App. 368; Ins. Co. v. Hazeltine, 53 Mo. App. 308; Brass Mfg. Co. v. Boyce, 74 Mo. App. 353; Clark v. Brown, 25 Mo. 504; Crandall v. Cooper, 62 Mo. 478; Coe v. Ritter, 86 Mo.

277; Hicks v. Scofield, 121 Mo. 381, 25 S. W. 755; Russell v. Grant, 122 Mo. 161, 26 S. W. 958; Landau v. Cottrill, 159 Mo. 308; 60 S. W. 64. (b) The lien was established against ground in city block 4595; the evidence all showed that the lease-hold of defendant in the lien suit was on blocks 4595a and 4595b, which was where the improvements were, and respondent established no lien against improvements on these blocks. (c) There is no evidence in the case that the justice of the peace entered "an order on his docket requiring the plaintiff to give notice to such defendant, by four written or printed advertisements, set up at four public places in the county that a suit has been against the property, stating the amount claimed to be due," etc. R. S. 1899, sec. 3895. The only evidence of any docket entry by the justice is the recital in the notice signed by plaintiff, and that is not evidence of the fact of entry on the docket of the justice. No presumptions are indulged in as to regularity of proceedings before a justice of the peace. Ewing v. Donnelly, 20 Mo. App. 6; McQuoid v. Lane, 19 Mo. App. 153; Gideon v. Hughes, 21 Mo. App. 528. (2) The first instruction given at the instance of respondent told the jury if it found for plaintiff to "assess his damages at such amount not exceeding $499.35 as they shall find from the evidence that the structures torn down by defendant were reasonably worth at the time they were torn down." This was error. The measure of damage, if any, is the value of the structure or materials when and after removal, less cost of removal. R. S. 1899, secs. 4205 and 4206; amended acts 1901, p. 206; Seibel v. Siemon, 5 Mo. App. 303; s. c., 72 Mo. 526. (3) There was no evidence whatever in the case to show the value when removed or after removal, nor of cost of removal or tearing down. The improvements being on leased ground, if respondent had established a valid lien all he was entitled to was the right to remove them. Acts 1901, p. 206; amend. sec. 4206, R. S. 1899.

Hammond v. Darlington.

*J. Hugo Grimm* for respondent.

(1)    A lien in favor of plaintiff attached to these improvements from the time he begun his work thereon. While it became necessary to file the lien and establish the same by suit as provided by statute, the lien nevertheless attached from the day the work was begun, and he had a proprietary interest in these improvements to the extent of the value of his work, labor and materials. Shine's Executor v. Heimburger, 60 Mo. App. 174; Paddock v. Stout, 121 Ill. 571; Gas Co. v. Lynam, 62 Ill. App. 538; Gaty v. Casey, 15 Ill. 189; Steigleman v. McBride, 17 Ill. 300; Smith v. Newbar, 144 Ind. 95; Bishop v. Honey, 34 Tex. 245; Freeman v. Carson, 27 Minn. 516; Milner v. Morris, 13 Minn. 455; Clark v. Parker, 58 Iowa 509; 20 Am. and Eng. Ency. of Law (2 Ed.) 506; State ex rel. v. Drew, 43 Mo. App. 365. (2) Since the right to a mechanic's lien can be established only by taking the steps required by the statute, and plaintiff alone did this, it follows that he is the only person who had a right to a mechanic's lien against this property. Hydraulic Press Brick Co. v. McTaggart, 76 Mo. App. 353; Ittner v. Hughes, 133 Mo. 679, 34 S. W. 1110; Uthoff v. Gerard, 42 Mo. App. 256. (3)    Defendant took the conveyance of this property subject to plaintiff's lien. After satisfying that lien he was at liberty to do with the property as he pleased, but until that lien was satisfied plaintiff had the first right to the improvements. When defendant destroyed the property, he damaged the plaintiff to the extent of his claim of $499.35 against that property, as it was clearly worth more than that, and he must pay the damage. The proper remedy is an action at law in the nature of an action for conversion or trespass. Seibel v. Siemon, 52 Mo. 365; Seibel v. Siemon, 72 Mo. 526; Seibel v. Cornwell, 166 Mo. 51, 65 S. W. 971; McAdow v. Sturtevant, 41 Mo. App. 220.    (4)    It was not

necessary to make defendant, Darlington, or his part-
ners parties to the suit to enforce the mechanic's lien,
because: (a) The alleged bill of sale or assignment
contains no sufficient description of the property to be
affected by it. R. S. 1899, secs. 923-925; Gatewood v.
House, 65 Mo. 663; Land & Lumber Co. v. Franks, 156
Mo. 687, 57 S. W. 540. (b) The mortgage, if this in-
strument can be so designated as against third parties,
is not one which, on the records, is prior to the lien and
sought to be displaced by it. Coe v. Ritter, 86 Mo. 286;
Ins. Co. v. Hazeltine, 53 Mo. App. 325. (5) It was
not necessary to prove by the justice's docket that he
hâd made an order of publication in this case. This
appeared from his entry on the face of the summons.
Sappington v. Lenz, 53 Mo. App. 44; Wise v. Loring,
54 Mo. App. 262. Indeed it would seem unnecessary
that the entering of this order should be proven at all
since the court must have found that an order of pub-
lication had been made and executed before it could
hear the case. Shanklin v. Francis, 67 Mo. App. 469;
Lingo v. Burford, 112 Mo. 149, 20 S. W. 459; Fulkerson
v. Davenport, 70 Mo. 541; Baker v. Baker, 70 Mo. 136;
Leonard v. Sparks, 117 Mo. 103, 22 S. W. 899. (6) The
court properly told the jury that defendant could not
by taking an assignment of the lease from Boshgaotur
deprive plaintiff of his right of lien. Douglas v. Zinc
Co., 56 Mo. 399. (7) The description of the property
in the lien papers and in the petition was sufficient.
DeWitt v. Smith, 63 Mo. 264. (8) The instruction on
the measure of damages was correct. Spencer v.
Vance, 57 Mo. 427; Nieswanger v. Squier, 73 Mo. 182.

REYBURN, J.—This action was commenced be-
fore a justice of the peace upon the following declara-
tion of right of action:

"Plaintiff states that defendants, Evans R. Dar-
lington, James G. Berryhill and S. L. Berryhill, were
at the times hereinafter mentioned, copartners, doing

business under the name and style of E. R. Darlington
& Co., and being engaged in the lumber business in the
city of St. Louis, Missouri.

"Plaintiff states that between the twelfth day of
April, 1902, and the twenty-fourth day of May, 1902,
plaintiff was a carpenter and builder, did perform cer-
tain work and labor upon a certain theatre building,
twelve booths, stable, ticket office, fences and seats at
the request of one Carrigien Boshgaotur, who was
lessee · thereof, upon the following described lot of
ground in the city of St. Louis, to-wit:

"A lot or tract of ground in city block No. 4595
of the city of St. Louis, fronting 140 feet more or less,
on Clayton avenue, by a depth of 120 feet more or less,
said lot being the southeast corner of said city block
and fronting on the north line of Clayton avenue, be-
tween Tamm avenue and Kraft avenue.

"Plaintiff further states that he furnished all the
work and labor on said theatre, booths, stable, ticket
office, fences and seats, and that under the laws of the
State of Missouri, he became entitled to a mechanic's
lien upon said improvements for the work and labor
done by him; that the work and labor done by him upon
said improvements as aforesaid, were reasonably worth
the sum of $652.35; that there had been paid thereon
the sum of $75, leaving due plaintiff a balance of
$577.35, for which he filed a lien in the office of the clerk
of the circuit court of the city of St. Louis, and on
the twenty-sixth day of August, 1902, and thereafter,
on August 27, 1902, brought his suit to establish said
lien to the extent of $499.35, before Robert Walker,
Esq., a justice of the peace of the city of St. Louis,
Missouri, and that said suit to establish said mechanic's
lien was duly tried and heard before said Robert Wal-
ker, Esq, who did on the twenty-second day of October,
1902, render judgment in said cause establishing' said
lien for the sum of $499.35.

"Plaintiff further states that defendants Evans R. ·

Darlington, J. G. Berryhill and S. L. Berryhill, furnished a portion of the lumber which was used in the construction of the theatre booths and improvements above described, and was aware of the fact that plaintiff had furnished work and labor in the construction of said improvements and was entitled to a lien upon the same for the value of his work and labor. But plaintiff states that defendants Evans R. Darlington, J. G. Berryhill and S. L. Berryhill, disregarding his right and interest in the said improvements after they were erected and before plaintiff had established his lien against the same, did unlawfully cause the same to be taken apart and removed, taking said lumber into their possession, and thus entirely destroying the buildings upon which plaintiff had a right of lien as aforesaid. Plaintiff further states that said improvements were reasonably worth the sum of $1,000, and that as plaintiff was the only person who established his right of lien against said improvements, the same were ample security for his claim, and but for the wrongful act of the defendants would be ample to satisfy his demand in full. But plaintiff states that by defendants' action in destroying said property he had been deprived of his entire security and damages to the full extent of his demand against said property, to-wit: $499.35.

"Wherefore plaintiff prays judgment against defendants for said sum of $499.35 and his costs."

Defendants James G. and S. L. Berryhill, not being found, the suit was dismissed as to them and trial proceeded against the remaining defendant Darlington, from judgment in whose favor before the magistrate, plaintiff appealed to the circuit court, where on retrial to a jury, a verdict for $499.35 was found, from judgment on which defendant appealed.

At the trial in the circuit court, defendant, by his counsel, made oral denial of all statements of plaintiff's petition, making no written answer, and claiming that the statement showed no cause of action against him at

all and none within the jurisdiction of the justice and objected to any evidence. The proof disclosed the following state of facts: In April, 1902, one Carrigien Boshgaotur, hereafter described as the lessee, leased from the Amusement Company for three years, a lot situated on north side of Clayton avenue between Kraft and Tamm avenues, one hundred and forty feet front by one hundred and twenty feet deep, extending northwardly, and proceeded to erect thereon a building for theatrical exhibitions, booths, stables, ticket office and like edifices, for which he contracted with this respondent, a contractor and builder, for the labor, the materials to be furnished by such lessee. Respondent completed the work toward the end of May of the value, or contract price, of $652.35, on which he received a payment of $75, and filed a lien in the clerk's office of the St. Louis circuit court for the balance unpaid, and by voluntary credit reducing the amount within the jurisdiction of a justice, brought suit in such court on August 27, 1902, returnable and set for September 18, 1902, when an order of publication was obtained and on the seventh of October, a judgment for $499.35 was rendered and adjudged a lien upon the improvements and the leasehold interest of defendant in the realty. Darlington & Co., a copartnership composed of the original defendants named, had furnished a considerable part of the lumber employed in the construction of the improvements and became creditors of the lessee in an amount exceeding $500. When the structure approached completion, the lessee defaulted in payment of his indebtedness, alike to materialmen and workmen, and appellant's firm obtained from him a bill of sale, assigning and transferring all his interests and rights in all leases made by the Universal Amusement Company to him of lands controlled by such corporation and further described as of lands on north side of Clayton road near Kraft avenue, in city blocks 4595a and 4595b, and all interests and rights in any buildings thereon.

This instrument is without date and does not mention the city or State, wherein such lands are situated, but was duly recorded the day of its acknowledgment, May 13, 1902. Subsequently appellant's firm demolished all the buildings, disposing of and removing the lumber to its own yards, except such as was claimed by another lumber concern which was permitted to identify and remove a quantity of lumber furnished by it. The value of these structures varied considerably in the judgment of the numerous witnesses testifying, but materially exceeded the amount of respondent's judgment. The testimony disclosed that respondent's lien was the only claim of such character matured into judgment, another lien filed having been released.

1. The instruction defining the recovery by respondent directed the jury that his damages should be assessed at such amount, not exceeding the sum named in his statement, as the jury should find from the evidence the structures torn down were reasonably worth at time of their destruction. Appellant has levelled at this portion of the charge the attack that both this court and the Supreme Court have held that the measure of damages is not the value of the buildings intact as they stand, but what they would be worth removed from the land, taking into consideration also the cost of removal, and the case of Seibel v. Siemon, 5 Mo. App. 303, 72 Mo. 526, passed on by both tribunals, is relied on as decisive of such proposition. In this case the structure involved is exhibited as an ice house of the volume and dimensions named, constructed not of frame, but of stone and brick, with an iron floor, an edifice manifestly incapable of removal without taking it apart, to the plaintiff therein nothing but a mass of such materials, worth only what they would sell for when removed, less the cost of taking them away. If defendant had not tortiously converted the structures in the case presented now by demolishing them, the sheriff would have proceeded to sell them under execution as

they stood and the purchaser buying them in such condition would have been entitled to sixty days within which to remove them (Laws of 1901, p. 206). The estimated worth of such buildings as here presented was their reasonable value after they were wrecked or demolished, and the instruction assailed proceeded to this extent and no farther, and is not repugnant to the rule established by the decisions of both courts in the case invoked. Viewed most critically, the element of cost attending removal in the liberal period provided by the amendatory act cited and controlling, was not presented to the consideration of the jury, as might have been properly done at instance of appellant if desired; but in a recent case before this court, a like instruction was adjudged not reversible error. [Exchange, etc., Co. v. Schuchman, etc., Co., 103 Mo. App. 24, 78 S. W. 75. See also Seidel v. Cornwell, 166 Mo. 51, 65 S. W. 971.]

2. The proceedings maturing into the lien judgment were directed against realty located in a city block denominated 4595, while the general description in the instrument placed on record by appellant refers to blocks therein designated as 4595a and b. Assuming that the description in the recorded paper is the more accurate, the defect in the lien proceedings was not fatal. The description therein employed is amplified by the concluding language, to the effect that the lot is the southeast corner of such city block, and fronting on the north line of Clayton avenue between Tamm avenue and Kraft avenue, which would complete the identification of the property involved, if otherwise in doubt. It has already been determined in proceedings of this nature, but it is not indispensable, that the description should be complete or precise, but it is sufficient that the description adopted points out and indicates the premises so that the land can be found and identified. [DeWitt v. Smith, 63 Mo. 263.] Further, the appellant could not have been misled by such in-

accurate description, as if not expressly at least con-
structively, he was charged with notice of claims im-
posed on the structures, as they were in process of erec-
tion at the date of the acknowledgment and recording
of the instrument, under which appellant asserted
rights; as a successive owner or assignee of leasehold
interests in realty, upon which buildings were being
completed, he was put upon inquiry and bound to take
notice that there might be labor and materials involved
in their construction furnished and unpaid for, for
which statutory liens might be asserted and enforced.
[McAdow v. Sturtevant, 41 Mo. App. 420; Brooks v.
Railroad, 101 U. S. 443.] The so-called mechanic's lien
is a modern statutory right designated to encourage
the erection of improvements and to protect those
whose labor and materials enter into their construction.
The lien conferred by the statute on respondent, after
due compliance with the provisions preliminary to its
creation and enforcement, by filing account, giving no-
tice and bringing suit, attached as of the time when
the improvements were commenced. Borrowing the
felicitous language of a decision of a sister State: ''All
mechanic's liens commence at the date of the first
stroke of the axe or spade, and continue in the erection
of the house without regard to the time of their being
filed, or of the doing of the work or furnishing the
materials. The man who does the last of the painting
or plumbing comes *in pari passu* with him who built the
foundation wall.'' [In the matter of Denkel's Estate,
1 Pearson (Pa.) 213.] The same rule has been estab-
lished from an early date in Missouri. [Douglas v.
Zinc Co., 56 Mo. 399; Shine's Exr. v. Heimburger, 60
Mo. App. 174.] The lessee could transfer no interests
or rights in the demised premises superior to his own
and appellant's partnership received the subject of as-
signment *cum onere* of respondent's lien claim, at the
time in process of being ripened into judgment, if in-
deed any validity can be attributed to an instrument,

which was so indefinite and defective as to contain no
description or reference to the property sufficient to
identify it; and to import and convey notice the descrip-
tion of the property conveyed should be given with such
certainty that it can be identified. [Ozark, etc., Co. v.
Franks, 156 Mo. 673, 57 S. W. 540; Gatewood v. House,
65 Mo. 663; Matlack v. Harr, 32 Mo. 262.]

3. Appellant contends that the proceedings before
the justice in the lien suit were not conclusive upon him,
but *res inter alios acta*, and hence incompetent and in-
admissible. As stated, it may be questioned whether
the instrument under which appellant asserted title
possessed sufficient validity to affect respondent with
notice of any interest acquired by appellant in the
property involved, but, assuming that it did impart
such notice, the failure to make appellant a party to the
lien proceedings did not render the latter void, but ren-
dered them not conclusive upon appellant, a stranger
to the proceedings; but none the less admissible in evi-
dence as tending to establish that respondent had per-
fected his statutory lien. The distinction is apparent
between a case in which the conveyance depended on
was prior to and displaced the lien asserted, from the
present illustration, where the assignment if effectual,
was subordinate and subject to the lien, and the cases
invoked by appellant recognize this difference. [Hicks
v. Scofield, 121 Mo. 288, 25 S. W. 755; Landan v. Cot-
trill, 159 Mo. 308, 60 S. W. 64.] In Real Estate, etc.,
Co. v. Haseltine, 53 Mo. App. 308, this court reviewing
the existing decisions, expressly determined that me-
chanic's lien proceedings, while not binding upon a
person not a party thereto, were prima facie proof and
admissible in evidence against such party. These pro-
ceedings though open to appellant's attack, were not
successfully impeached. It did not devolve on re-
spondent to show the evidence upon which the justice
found defendant in the suit, then pending before him,
could not be summoned and that an order of publication

should be made; it sufficed if it appeared from the files that such order was made. Where the jurisdiction of an inferior court is dependent upon a fact, which that tribunal must ascertain and find, its decision is conclusive against collateral attack. [Shanklin ex rel. v. Francis, 67 Mo. App. 457, and authorities cited.] Nor was it requisite that the docket of the justice should be tendered to prove that he had entered an order of publication for defendant; in this, a collateral proceeding, it was sufficient to show that the justice made an order of publication for defendant, if such fact was revealed by any of the files. [Wise v. Loring, 54 Mo. App. 258; Sappington v. Lenz, 53 Mo. App. 44.] The notice of the order of publication with the return showing its execution was introduced in evidence, and as the justice had to determine that such order had been made and legally executed before he could hear the cause, the fact of the hearing of itself by necessary implication, constituted a finding that the order had been made and executed. [Leonard v. Sparks, 117 Mo. 103; Baker v. Baker, 70 Mo. 134.] In the last expression of the Supreme Court (Seidel v. Cornwell, supra), it was held that where a purchaser at an execution sale upon a lien judgment is not permitted to remove the improvements, he has an adequate remedy at law for damages for their wrongful conversion and a similar right of action, by like reasoning, must be conferred on a lien claimant, a judgment creditor, against the party who, by the destruction of the improvements, most effectually prevented their removal.

The verdict was for the right party; no error has been revealed justifying reversal, and the judgment is accordingly affirmed. *Bland, P. J.,* concurs; *Goode, J.,* absent.