WILLIAM A. HOWARD, Appellant, v. HENRY P. P. BROWN.

**Division One, June 19, 1906.**

**QUIETING TITLE:** Accounting: Premature Appeal. In a suit to quiet and determine the title to land, the court cannot make an accounting between the parties or appoint a referee to take the account. When the court has ascertained the interests each party has in the land it exhausts its jurisdiction in such cause, and if it goes further and appoints a referee to adjust the accounts between them, an appeal may be taken without waiting for the referee to report, and that appeal is not premature.

Appeal from Buchanan Circuit Court. — *Hon. C. A. Mosman*, Judge.

REVERSED AND REMANDED (*with directions*).

*Grant S. Watkins* and *W. B. Rusk* for appellant.

*W. H. Haynes* for respondent.

VALLIANT, J.—This is a suit of the same nature, between the same parties and resting on the same facts as in the case of Howard v. Brown, just decided, and reported at page 36 of this volume, except that the subject of this suit is lots 5, 6 and 7 of block 1 of Landis & Hull's Addition to the city of St. Joseph, which are the lots referred to in the contract Exhibit A, as having been sold by the administrator to Shoup, and except also that the plaintiff derives title to these lots through a deed of trust in which Parmelia Brown was one of the grantors to secure a note of $1060 to one Hoagland and a deed from the trustee to plaintiff foreclosing that deed of trust. This cause was tried in another division of the Buchanan Circuit Court from that in which the other suit was tried and before another judge. The decree in this case was that the de-

Howard v. Brown.

fendant was entitled to one-eleventh interest in the land and one-fifth interest in whatever surplus there might be in the proceeds of the sale of the property when disposed of under the terms of the contract Exhibit A, and ordered that the cause be referred to a referee to state an account between the parties to ascertain if there was a surplus and how much. From that decree the plaintiff appealed. Respondent moves the court now to dismiss the appeal because there was no final judgment.

We have already held in the other case following Seidel v. Cornwell, 166 Mo. 51, that the only subject of jurisdiction under the statute to quiet title, section 650, Revised Statutes 1899, was the title to the land in question, that the accounting between the parties growing out of the performance of the contract Exhibit A was beyond the scope of the jurisdiction of the court in this case; it therefore follows that when the court entered a decree adjudging that the defendant held title to an undivided one-eleventh of the land, leaving the plaintiff ten-elevenths and giving judgment for defendant for costs, it exhausted its jurisdiction and the further order looking to a reference and an accounting was a nullity.

The decree declaring the title to one-eleventh in the defendant was a final decree from which the plaintiff had a right to appeal. The motion to dismiss is therefore overruled.

The trial court construed the contract Exhibit A as giving a title to one-eleventh of the land to the defendant and one-fifth of the surplus proceeds. That is not correct. The clause of the contract specifying the interest of the defendant follows that part of the instrument which provides for the vesting of the title to the land in John Howard in trust, and which specified that after the sale of the property and payment of the indebtedness the surplus, if any, is to be divided pro rata between the parties "as follows." Then fol-

lows the statement that the defendant has one-eleventh interest more than the others, ''and that after the said one-eleventh interest is taken out that the balance remaining he holds an undivided one-fifth interest of any surplus of said estate.'' The ''balance remaining'' must mean the balance remaining of that out of which the one-eleventh is first taken, that is, the surplus of the proceeds. Taking out one-eleventh of a thing leaves ten-elevenths of the same thing, therefore taking out one-eleventh of the land would leave ten-elevenths of the land, not ten-eleventh of the surplus of the proceeds, yet the language of this contract is that after taking out the defendant's one-eleventh interest the remaining surplus of the proceeds is to be divided between the parties, one-fifth each.

What we have said in our opinions in the other case in reference to the deed taken by the plaintiff from the administrator of the estate of Parmelia Brown deceased applies as well to the deed taken in this case by the plaintiff from the trustee at the sale under the deed of trust; it passed the title to the plaintiff in trust, subject to whatever equities the defendant may have under the contract Exhibit A, and in the accounting to be had under that contract the plaintiff will be entitled to be reimbursed for the amount paid for the purchase at that sale before any division of surplus of proceeds as called for in the contract.

The title to the property is in the plaintiff and the only interest the defendant has, if any, is his share in the proceeds as specified in the contract Exhibit A.

The judgment is reversed and the cause remanded to the circuit court with directions to enter a decree in this case affecting the lots 5, 6 and 7 of block 1 of Landis & Hull's Addition to the city of St. Joseph in all respects like that directed to be entered in Howard v. Brown, just decided, between the same parties affecting lot 4 of the same block.

All concur.